THE STATE BANK *v.* SLAUGHTER, Administrator.

A promissory note was payable to two persons not partners, and indorsed by them. *Held*, that notice by the holder of the maker's non-payment should be given to each of the indorsers.

APPEAL from the *Tippecanoe* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by the administrator of *Chamberlin* against the state bank, for

certain dividends on bank stock belonging to the intestate's estate. Plea, non assumpsit. The cause was submitted to the Court, and judgment rendered for the plaintiff.

On the trial, the defendant's possession of the dividends was admitted; and the defence was, that the intestate's estate was indebted to the defendant, and that the latter therefore was not liable, by a provision of the bank charter, to pay the dividends, whilst that indebtedness of the estate continued.

To prove the alleged debt to the bank, the following promissory note and indorsements were introduced: "$200. *Lafayette, Ind.,* Sept. 11, 1839. Ninety days after date, I promise to pay to *Edward Barroll* and *John C. Chamberlin* or order 200 dollars, negotiable and payable at the branch at *Lafayette* of the state bank of *Indiana,* for value received. *James White.* Credit the drawer. *E. Barroll.*" (Indorsed) " Pay the state bank of *Indiana. Edward Barroll. J. C. Chamberlin.*" The maker's non-payment of this note, and due notice of the default to the plaintiff, ( *Chamberlin* being dead,) were also proved. *Barroll,* the other indorser, resided at *Lafayette* where the default occurred, and had there a place of business. The only notice for him of the maker's default was deposited in the post office at *Lafayette,* which was not a legal notice. *Curtis* v. *The State Bank,* 6 Blackf. 312.—Story on Bills, 451.

We are of opinion that, according to these facts, the bank had no claim against the plaintiff. The note was payable to two persons not partners, each of whom had indorsed it. The contract created by the indorsement being joint only, the indorsers, if liable at all, could be only jointly liable; and to render them so liable, the notice of the non-payment should have been given to them both. The following is the language of Justice *Story* as to bills of exchange: " Where there are several persons, who are joint drawers or indorsers, entitled to notice, who are not partners, each is entitled to notice, and, therefore, notice should be directed to his own proper domicil or place of business. Where they are partners, notice to either of the partners will suffice, at the domicil of either of them, or at their usual place of business. " Story on Bills, 335. The law as to notice to joint indorsers

must be the same, whether the indorsement be of a promis- <span style="float:right">May Term, 1844.</span>
sory note or bill of exchange ; and the indorsers in the present case, therefore, according to the .authority cited, were discharged for want of legal notice to each of them.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.* damages and costs.

*A. Ingram*, for the appellant.

*J. Pettit* and *S. A. Huff*, for the appellee.