*(Decided March 12th, 1867.)*

---

The President, Directors & Company of the Peoples' Bank of Baltimore *vs.* C. Smith Keech.

Promissory Notes: Demand and Notice; Joint Payees and Endorsers,—Notice to both necessary to bind either.—In an action by the holder of a promissory note against K., one of two joint payees and endorsers, H. being the other payee and endorser, after evidence of the handwriting of the various parties to the note, it was proved that the post office of H. was at B., and that of K. at U. M., and further proved by the notarial certificate that the notice of demand and non-payment of the note to both endorsers, was sent by mail to U. M.—Held:

That the notice not having been given to H., he could not be held liable as endorser, and as a necessary legal consequence, K. cannot remain bound, because their engagement being joint, if one is discharged by the act or default of the plaintiff, it operates to discharge the other also.

Where a promissory note on its face was payable "at the People's Bank of Baltimore," in express terms, a demand at that bank was sufficient, and no parol evidence of any custom at the bank, giving the note a different construction, could be allowed to alter the contract.

APPEAL from the Circuit Court for Prince George's county.

This was an action of *assumpsit*, instituted by the appellants against the appellee, to recover the sum of two thousand four hundred dollars, on a promissory note drawn by Hall & Anderson, to the order of the defendant, and one R. D. Hall, dated Upper Marlboro', February 16th, 1861, for value received, payable at the People's Bank of Baltimore, four months after date, and by them jointly endorsed to the plaintiffs, the holders thereof.

*1st Exception.* At the trial below, the plaintiffs proved the handwriting of the makers of said note, and also, that of all the endorsers thereon. And also, that Upper Marlboro' was the proper post office of the defendant, and that Beltsville was the proper post office of the other co-endorser, R. D. Hall, who it was admitted was dead. They also proved by Dr. Gurley, the cashier of said bank, that at the time of the maturity of the said note the plaintiffs were the holders of said note, and that the same was at the bank on the day of its maturity, and that the drawers thereof had no funds in the bank to pay the same at its maturity; also that the said note was, on the day of its maturity, delivered to D. Ridgely, a Notary Public of the State, for protest, and that a demand of payment of said note, at the said bank, was made by the said notary and payment refused. The plaintiffs then offered in evidence to the Court and jury, the protest and notarial certificate of the said notary public, as sufficient evidence to bind the defendant as one of the endorsers of said note.

The defendant then proved by the cross-examination of said cashier, that by the custom and usage of said bank, a note intended to be made payable at said bank, would be drawn in this form. "Four months after date, I promise to pay to A. & B., or order, $4,000, for value received,

payable at the People's Bank of Baltimore.'' And further proved by the same witness, ''that a note drawn payable to A. & B., or order, for value received, at the People's Bank of Baltimore, would not, according to the custom and usage of said bank, be a note payable at said bank.'' But the Court at the instance of the defendant's counsel, rejected the said notarial protest, and instructed the jury that said evidence was insufficient to bind the defendant as endorser in this case, and that they must find a verdict for the defendant. To which opinion of the Court, and to their said instruction to the jury, the plaintiffs excepted.

*2nd Exception.* The defendant then to maintain the issues on his part joined, offered in evidence to the Court the record of a judgment of *non pross.*, in a suit brought by the plaintiffs against the defendant, and the said R. D. Hall, in his lifetime, which said R. D. Hall, it is admitted, was a joint endorser on said note with the said defendant, in favour of John G. Hall and James T. Perkins, as the administrators of R. D. Hall. And on the production of said record, the defendant prayed the opinion of the Court, ''that the discharge of the said R. D. Hall, the co-endorser with the defendant on said note, by the failure of the plaintiffs to give due and proper notice to the said R. D. Hall, was in law a discharge of the defendant in this cause ;'' of which opinion the Court were, and so instructed the jury, and directed them to find a verdict for the defendant ; to which opinion of the Court, and to their said instruction to the jury, the plaintiffs excepted.

The verdict and judgment being for the defendant, the plaintiffs appealed.

The cause was submitted on printed arguments to BOWIE, C. J., and BARTOL, GOLDSBOROUGH and WEISEL, J.

*Thomas F. Bowie* for the appellants.

I. On the first exception it is contended, that the Court below were in error in rejecting the protest and certificate of the notary public, and in instructing the jury that said evidence was insufficient to bind the defendant as endorser in this case, and in directing them to find a verdict for the defendant, for the following reasons :

1st. Because the said protest and notarial certificate, were sufficient *prima facie* evidence *per se* of due notice to the defendant as endorser, so as to bind him in this case. *Act of* 1837, *ch.* 253. 1 *Code, Article* 67, *sections* 4, 5 and 7. *Whiteford vs. Burckmyer & Adams,* 1 *Gill,* 127.

2nd. The note being payable at the People's Bank on its face, who were the holders of the same, and being there at its maturity, and the makers not being there in person, or having funds there to pay it, it was dishonored, and no other demand was necessary. *Graham vs. Sangston,* 1 *Md. Rep.,* 68. *Hunter vs. Van Bomhorst & Co.,* 1 *Md. Rep.,* 611. *Sasscer vs. Farmer's Bank,* 4 *Md. Rep.,* 409.

This, it is true, does not dispense with notice of such dishonor to the endorser ; but the protest, in this case, goes even further than it was necessary for the notary to state. A simple notice informing the endorsers "that the note had not been paid, and that they would be held responsible for the same," would have been sufficient in a case like this, where the note is made payable at a bank. Same authorities as above. But the protest in this case goes further. After stating that the note was presented, &c., it says : "I addressed written notice to the endorsers of said promissory note, informing them that it had not been paid, payment therefor having been demanded and refused, and that they would be held responsible for the payment thereof." It is therefore immaterial whether this note be considered as a note payable at the People's Bank of Baltimore, or not ; in either aspect of the case, the protest

and certificate of the notary in this case, is sufficient evidence to bind the defendant as endorser. The defendant having had actual notice of "the demand and non-payment." *Orear & Berkley vs. McDonald & Others*, 9 *Gill*, 354.

But the Court also erred in instructing the jury "to find a verdict for the defendant," because the evidence of Dr. Gurley, the cashier of the bank, as contained in this exception, which went to the jury without objection, and on which no exception is reserved, shews that the plaintiffs were the *bona fide* holders of said note on the day of its maturity ; that the note was at the bank on the day of its maturity ; that the drawers had no funds there to pay it, and that a demand for its payment was made by the notary at the said bank on that day. This being so, the presentation of the note and demand of payment of the makers at the bank on the day of its maturity, and its non-payment, as proved by this witness, was all that was necessary, so far, at least, as proof of demand and non-payment was concerned. The proof of notice of that demand and non-payment to the endorsers, was another matter, but this was proved by the protest itself, for it is quite clear and explicit on that point. The protest is in no wise contradicted or contravened by this parol proof. On the whole proof, therefore, as contained in this bill of exceptions, the plaintiffs were entitled to a verdict, and the peremptory instruction to the jury that their verdict must be for the defendant, was erroneous. It is error in the Circuit Court to instruct the jury absolutely, though they might have been authorized to grant the same instruction hypothetically. *Calvert vs. Coxe*, 1 *Gill*, 95. *Leopold vs. Chesapeake & Ohio Canal Company*, 1 *Gill*, 22.

4th. But the prayer itself, as well as the instructions of the Court, are too general. They do not disclose a specific proposition of law to which the attention of the Court was

invited, and the decision of which would appear by the record on appeal, and since the Act of 1825, ch. 117, this is not allowable. *Wheeler vs. The State,* 7 *Gill,* 344. *Cook vs. Duvall,* 9 *Gill,* 461.

The evidence elicited on the cross-examination of Dr. Gurley, the cashier, as contained in this bill of exceptions, forms no part of the exception itself, and is not before the Court on this appeal. Whether the note sued on was, in point of fact, payable at the People's Bank of Baltimore, or not, was a question of fact to be determined by inspection simply, and could not have been affected by the impressions or opinions of the witness as to any supposed usage of the bank. The note on its face, and by its language, professes to be a note payable "for value received at People's Bank of Baltimore." This means, philologically, payable at the People's Bank of Baltimore, for value received, But be this as it may, as no question or exception is reserved on this point, it is not now before the Court for review on this appeal.

II. The *second bill of exceptions* presents an entirely different question. The defendant offered in evidence to the Court, the record of a judgment of *non pross.* in an action brought on this same note, against R. D. Hall, the joint endorser of the defendant, by the plaintiffs in this cause.

Pending the suit, and after a return of "Summoned" to the process, the said R. D. Hall died, and his administrators were made parties defendants. The record does not disclose the grounds on which the plaintiffs were *non pross'd.* The protest and notarial certificate are not in the record, nor does it appear on what grounds the case went "off." The bill of exceptions, however, in this case states, that "Beltsville" was the proper post office of R. D. Hall, the co-endorser with the defendant, and that "Upper Malbro' " was the proper post office of the defendant.

The protest states that "written notice for C. S. Keech

and R. D. Hall was addressed to them at Upper Marlbro', Prince George's county, Maryland.'' It then appears that notice in fact was not given to R. D. Hall, the joint payee and the joint endorser with the defendant, whilst due notice was given to the defendant in this action, the other joint endorser and joint payee, and the sole question presented by this exception is, whether the failure of the plaintiffs to give notice to the said R. D. Hall, the joint endorser, is in law a discharge of the defendant in this cause. The Court below were of that opinion, and so instructed the jury.

The appellants contend that this opinion is erroneous on principle and authority.

1st. Because notice to the defendant, the surviving joint endorser in this case with the said R. D. Hall, was sufficient notice to the said R. D. Hall so as to bind his estate in the action against his administrators. *Dabney vs. Stidger,* 4 *Smeades & Marshall,* 749. *Collyer on Part., sec.* 443. *Cayuga Bank vs. Hunt,* 2 *Hill,* 635. And it not appearing in the record offered in evidence on what grounds the plaintiffs suffered a *non pross.,* it is not the case of a release, either in fact or by operation of law, of one co-endorser which would release the other co-endorser.

2nd. Because the release of one joint endorser does not release or discharge the other, where the latter has received due and proper notice. Notice to one joint endorser is notice to the other. *Porthouse vs. Parker,* 1 *Camp,* 83. *Bignold vs. Waterhouse,* 1 *Maule & Sel.,* 259. *Alderson vs. Pope,* 1 *Camp.,* 404 ; ( *Chitty, Jr.,* 755.) *Jacaud vs. French,* 12 *East.,* 317, 322, 323 ; ( *Chitty, Jr.,* 789.) *Dabney vs. Stidger,* 4 *Smeades & Marshall,* 749. *Montgomery County vs. Marsh,* 11 *Barbour,* 645. *Dodge vs. Bank of Kentucky,* 2 *Marsh,* 616.

If reasonable notice of dishonor is given to one of several joint endorsers all are bound by it. *Higgins vs. Morrison,*

4 *Dana*, 105.　*Magee vs. Dunbar*, 10 *Louis.*, 546.　*Wood vs. Wood*, 1 *Harrison*, 429.　*Goddard vs. Lyman*, 14 *Pick.*, 268.　*Cockey vs. Bank of Tennessee*, 6 *Hamp.*, 51.

Every endorser is regarded in the light of a new maker or drawer as to all subsequent endorsers, and when the action is against an endorser, the endorsee is not put to prove the hand of the first drawer. *Ross on Bills and Promissory Notes*, 273, 266. *Law Library*, *Vol. 9th, Sixth Series.*

Notice to one of the joint makers of a bill of exchange of its dishonor by the acceptor is sufficient to bind both ; so of a promissory note. The promissors are to be deemed *quoad hoc*, as partners, and notice and a demand upon one is a demand on all. *Harris vs. Clarke*, 10 *Ohio*, 5. *Baugher vs. Duphorn*, 9 *Gill*, 314.

For these reasons the appellants submit that the opinion and instructions of the Court below ought to be reversed on both exceptions.

*Thos. G. Pratt* and *Daniel Clarke* for the appellee.

The judgment should be affirmed : Because by the *concessum* of the appellants, as established by the testimony of their cashier, the note in suit was not made payable at said bank, and because the demand upon the drawers, by letter directed to Upper Marlbro', ( the only demand which is alleged in the protest to have been made,) was insufficient to bind the endorsers, and the demand at the bank was insufficient, as the note was not payable there. Although the note was held by the appellants at its maturity, the cashier proves that the bank did not recognize it as a note payable at the bank, and by the consent of the bank the note is to be regarded as a note payable generally, and not at the bank. There was consequently no demand or notice of dishonor of the note as will bind the endorsers. *Graham vs. Sangston*, 1 *Md. Rep.*, 68.

The evidence in the first exception, made a part of the second exception, shows that the defendant was one of two joint payees and endorsers of the note in suit;—that R. D. Hall, his co-endorser and payee, resided at Beltsville, where there was a post office, and that the notice of the non-payment of the note was directed to him at Marlbro', and not to Beltsville, by which he was released from liability as joint endorser with the defendant. Besides this, the proof in the second exception shows, that the appellant brought suit in the Circuit Court for Prince George's county on the said note, against the administrators of the said R. D. Hall, as the joint payee and endorser thereof with the appellee, and that at the trial, the appellant refused to answer when called, and suffered a non-suit, thereby releasing the said joint payee from all legal liability as joint endorser with the defendant.

It is insisted, that the release by the holder of one joint endorser, will discharge the other joint endorsers. *Story on Bills*, secs. 431, 299. 5 *Md. Rep.*, 389. *Shepherd vs. Hawkey*, 1 *Conn. R.*, 367. *Sayer vs. Frick*, 7 *Watts & Seargt. R.*, 383.

BARTOL, J., delivered the opinion of this Court.

The promissory note sued on this case was drawn by Hall & Anderson, payable to the order of C. S. Keech and R. D. Hall, and by them endorsed; the note afterwards, by successive endorsements, came to the possession of the appellant, who held it at its maturity, and the note being dishonored, brought this suit against the endorsers, Keech and Hall; during the progress of the cause, Hall, one of the defendants, died, and the suit was continued against the survivor, the present appellee.

The questions before us arise upon two bills of exceptions taken at the trial, and these resolve themselves into the single inquiry, whether the notice of the demand and non-

payment of the note was sufficient to bind the defendants, Keech and Hall, or either of them.

We lay out of view all consideration of the record offered in evidence in the second exception, showing that in a suit upon the note instituted by the appellants against the administrators of Richard D. Hall, deceased, (one of the joint endorsers,) the plaintiff suffered judgment of *non pros.*, because such a judgment could not conclude the rights of the parties or operate in law to discharge the appellee. Nor can there be any question upon the bills of exceptions as to the sufficiency of the demand of payment. The note was on its face payable "at People's Bank of Baltimore," in express terms, and a demand at the bank was therefore sufficient; such is the legal construction of the writing, and no parol evidence of any custom at the bank, giving the note a different construction, could be allowed to alter the contract.

The evidence in the first bill of exceptions shows, that the proper post office of R. D. Hall was Beltsville, and that of C. S. Keech was Upper Marlborough; the notarial certificate shows, that the notice to both the endorsers was sent to Upper Marlborough. According to all the authorities, that was not legal notice to Hall, and would not bind him, unless it can be held, that being joint payees and endorsers, notice to one is sufficient. Unquestionably such would be its effect if they were partners; upon that point the authorities all agree, it has been so held in Maryland. See *Baugher vs. Duphorn,* 9 *Gill,* 315.

In a case of partnership, one partner is the general agent of the firm and may bind his co-partners in any matter within the general scope of the partnership. It is upon this ground the principle of law has been established, that notice to one member of the firm, of the dishonor of a note endorsed by the firm, will bind all the partners.

In this case, Keech and Hall were not partners, they

were simply joint payees and endorsers, and the question arises whether the same rule applies as in the case of partners, or whether each must have notice. This question does not appear, from any reported case, to have been decided in Maryland. It arose before the King's Bench in *Cawick vs. Vickery*, 2 *Doug.*, 653, *note*, in which the precise question was as to the validity of an endorsement of a note by one of two joint payees who were not partners. The judges expressed the opinion that the joint payees must be considered as partners *quoad* the particular transaction. But afterwards, at the trial of the same case before Lord MANSFIELD, when evidence was offered to prove "that by the universal usage and understanding of all the bankers and merchants in London, the endorsement was bad, because not signed by both payees" his Lordship, whose opinion upon a question like this is entitled to very great weight, said, "he did not think the question was so decided as to preclude the evidence offered." And upon the usage which appeared to be so well known to all the jury that they required no evidence to support it, the verdict was given for the defendant.

The question does not appear to have arisen afterwards in England, and it may be inferred that the rule of commercial law, in conformity with the usage settled by the verdict in that case, has remained there undisturbed.

It will be observed, that the precise point settled in *Cawick vs. Vickery* is not identical with the one now presented; there the question was as to the sufficiency of an endorsement by one, here the question is as to the effect of a notice of the dishonor of the note given to one of the endorsers only. But it is obvious, that the questions depend upon the same principles, and must be decided in the same way.

There is some conflict in the decisions on this point by the Courts of this country. But the weight of authority,

People's Bank of Baltimore *vs.* Keech.

as well as of reason, appears to us to be in accordance with the judgment finally pronounced in *Cawick vs. Vickery,* and the established commercial usage in England.

The cases in which the contrary doctrine has been decided or intimated by the Courts in this country, are *Dodge & Others vs. Bank of Kentucky,* 2 *Marsh.,* 615. *Higgins vs. Morrison's.Ex'cr,* 4 *Dana,* 105 ; and *Goddard vs. Lyman,* 16 *Pick.,* 269, 270. ( The cases of *Cocke vs. Bank of Tennessee,* 6 *Hump.,* 51, and *Harris vs. Clarke,* 10 *Ohio,* 5, cited by appellees' counsel on this point, we have not had an opportunity to examine.)

The cases in Kentucky, above referred to, appear to have been decided without much consideration of this point ; in the opinions pronounced, the question is not discussed nor are any authorities cited, the Court simply declaring that joint payees of a note are to be considered as partners *quoad hoc.*

In *Goddard vs. Lyman,* 14 *Pick. Rep.,* 268, the note which was sued on, was drawn by the defendant payable to E. Warren, J. J. Cutler and A. Fleming, ( who were not partners,) two of them endorsed it to E. Warren and H. A. Green, a stranger ; afterwards E. Warren endorsed it as follows :   "I order the contents of this note, so far as I am interested therein, to be paid to H. A. Green, or order,—E. Warren," then H. A. Green endorsed it to the plaintiff ; and the question was whether these endorsements were sufficient to vest the title in the plaintiff, and enable him to sue thereon.

The Court held that the endorsement of two of the joint payees to the other payee and a stranger, was a legal transfer of the note ; or if this be doubtful, the further endorsement by the third payee to the stranger would pass the property upon the plain principle that "by such endorsements the assent of all the payees to the transfer is manifested."

In pronouncing the opinion of the Court in that case, Mr. Justice WILDE states, that joint payees of a note, though not general partners, make themselves partners as to the transaction, and refers to *Cawick vs. Vickery*, in support of the proposition. So far as this expression is concerned, the opinion of the learned judge was clearly *obiter*, that point not being involved in the case.

This question arose in *Shepard vs. Hawley & Loomis*, 1. *Con. Rep.*, 367. *State Bank vs. Slaughter*, 7 *Blackf. Rep.*, 133. *Sayer vs. Frick*, 7 *Watts & Sergt. Rep.*, 383, and *Willis vs. Green*, 5 *Hill*, ( *N. Y.*,) *Rep.*, 232 ; and in all of them it was held that cases of partners and those of mere joint payees stand upon different principles. In the former the firm is bound by notice to one of the co-partners ; because each represents the firm and is general agent of all ; but in the latter, the rights and interests of the parties are distinct ; though jointly entitled, they are mere tenants in common, neither can legally represent the other without being specially authorized, and therefore notice to one is not sufficient to bind the other.

Without quoting at length from the cases above cited, we refer to the very full and elaborate opinions of SWIFT, C. J., and GODDARD, J., in *Shepard vs. Hawley* ; of Chief Justice GIBSON, in *Sayer vs. Frick*; and of NELSON, C. J., in *Willis vs. Green*, which we think place the question upon correct principles. See, also, *Story on Bills*, sec. 299. *Chitty on Bills*, 496, m. 4 *Cowen*, 126. 12 *Barbour*, 251.

It follows from what has been said that notice of the dishonor of the note in this case, not having been given to Hall, he could not be held liable as endorser, and as a necessary legal consequence, Keech, the appellee, cannot remain bound ; because their engagement being joint, if one is discharged by the act or default of the appellant, it operates to discharge the other also. This principle is

well settled.   See the cases before cited, also *Yates vs. Don-aldson,* 5 *Md. Rep.,* 389.

*Judgment affirmed.*

( Decided March 12th, 1867.)

