## John J. Tate *vs.* Joseph Sullivan.

*Notarial protest—Due demand—Due notice—Province of the Court and · Jury—Due diligence in finding the maker of a Note — Presentment for payment.*

A notarial protest is *prima facie* evidence of its contents, and nothing more.

To enable the holder of a promissory note to recover against the endorser, it is indispensable to show due demand upon the maker, and due notice to the endorser of its non-payment.

Where there is no dispute about the facts, what is due diligence, is a question of law for the Court to determine; and where the facts are submitted to the jury, to be ascertained by their verdict, they must be sufficient to constitute due diligence. If the proof be insufficient in law, it is error to refer the question to the jury.

Where the maker of a promissory note resided in Baltimore, inquiry for him by the notary at the Post Office, Exchange and Court House was not alone sufficient; efforts should have been made to learn if he had a residence in the city—the City Directory might have been examined, and demand should have been made upon him or left at his place of abode.

The holder of a promissory note must not allow himself to remain in a state of passive and contented ignorance, trusting to the industry and · vigilance of the notary, but he must use reasonable diligence to discover the residence of the indorser.

APPEAL from the Circuit Court for Anne Arundel County.

This was an action of *assumpsit*, brought on the 24th of October, 1864, by the appellee against the appellant, to recover the sum of $237.50, with interest from the 29th of January, 1861, on a promissory note drawn by Isaac F. Gilley, payable five months after date to the order of the appellant, who endorsed it to William Reeves, by whom it was endorsed to the appellee. The declaration contained a count upon the note, and the usual money counts. The defendant

pleaded *non-assumpsit* and limitations, and upon these pleas issue was joined. Three exceptions were taken by the defendant.

*First Exception.*—The plaintiff proved the execution and endorsement of the note sued on, and then testified to a conversation with the defendant in Baltimore, within three years before the institution of the suit, in which he promised to pay the note, and admitted that he had received notice of its protest. The defendant testified that the conversation referred to, was in reference to a different note, and that he did not promise to pay the note sued on, and did not receive notice of the protest. This evidence being without objection, the plaintiff offered in evidence the notarial protest for the purpose of proving demand upon the maker, and notice of protest to the defendant; the protest stated that notice had been addressed to the defendant at Baltimore, and placed in the Baltimore post office. The defendant then proved that at the time the protest was made, he resided in Anne Arundel county, and had so resided ever since, and that his post office was in that county; and, therefore, objected to the admissibility in evidence of the notarial protest for the purpose of proving notice of protest to him; but the Court (Tuck, J.,) overruled the objection, and decided that the protest was admissible for the purpose of proving that due notice of the protest of said note had been given to the defendant. To this ruling the defendant excepted.

*Second Exception.*—The defendant objected to the admissibility in evidence of the notarial protest upon the ground that it did not show a sufficient demand; the protest showed that the notary presented the note for payment at the court house, post office and exchange, in the city of Baltimore, and that he could find no one who could inform him where the maker resided or did business. The defendant then proved that the maker of the note had resided in the city of Baltimore, with his family, for twelve or fifteen years before 1861, at No. 166 Lombard street, and his family resided there at

the time of the making of the protest, and that his name and residence were entered in the Baltimore City Directory—that he was a bay captain by vocation, and was frequently absent from Baltimore, in the course of his business. The plaintiff then proved by the defendant, that the maker of the note was absent from Baltimore, at the time of the making of the protest, but the witness did not know where he was. The Court overruled the objection of the defendant to the admissibility of the protest, and decided that it was admissible in evidence for the purpose of proving due demand of payment of the note. The defendant excepted.

*Third Exception.*—The plaintiff asked the following instruction:

If the jury shall find from the evidence, that the promissory note offered in evidence by the plaintiff, was signed by Isaac F. Gilley as maker, and by the defendant and William Reeves as endorsers; that the same was protested at its maturity for non-payment, and notice of demand and refusal, and that he was held responsible for the payment of the same, was sent to the defendant, as is stated in the protest offered in evidence, and shall also believe that in May 1863, or thereabouts, the defendant in conversation with the plaintiff, admitted his liability on the said note, and said he would pay the same, then the plaintiff is entitled to recover, notwithstanding the plea of limitations interposed by the defendant.

And the defendant offered the following prayer:

"That if the jury shall find from the evidence, that the cause of action alleged in the plaintiff's declaration, did not accrue within three years before this suit, then said claim is barred by limitations, unless the jury shall find an assumption or promise by the said defendant within the said three years, to pay the amount claimed."

The Court granted the prayer of the plaintiff, as also the prayer of the defendant. To the granting of the plaintiff's prayer, the defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, ALVEY and ROBINSON, J.

*James H. Hodges* and *James Revell*, for the appellant :

There was not due notice given to the defendant; notice to him was put in the Baltimore post office the 2d day of July, 1861; at the time of the protest, he resided in Anne Arundel county, and his post office was St. Margaret's, and his residence was and had been the same all his life. The evidence shows that proper diligence was not used, and that no effort was made to ascertain the residence of the defendant, and the law is well settled, that demand and notice are conditions precedent to the holder's right to recover on a promissory note, and that the endorser is entitled to *strict* notice. *Moore vs. Hardcastle,* 11 *Md.,* 490 ; *Bell vs. Hagerstown Bank,* 7 *Gill,* 225, 227 ; *Whitridge vs. Rider,* 22 *Md.,* 557, &c.; *Staylor vs. Ball & Williams,* 24 *Md.,* 199, 200, &c.; *Chitty on Bills,* 453, &c.—*marginal page*—(14 *Edition ;*) *Walters & Harvey vs. Brown,* 15 *Md.,* 291, 294; *Story on Prom'y Notes,* sec. 316, note No. 2; *Note to page* 436, sec. 344; *Haley vs. Brown,* 5 *Barr,* 178, 181, 182.

Notice to the endorser should have been sent to his nearest post office. *Bell vs. Hagerstown Bank,* 7 *Gill,* 226 ; *Bank of Columbia vs. Magruder,* 6 *H. & J.,* 181 ; *Flack vs. Green,* 3 *G. & J.,* 482 ; 1 *Wheat,* 298.

It is not sufficient to show that even the notary was ignorant of the endorser's residence, but it must be shown that the owner of the note was ignorant, and used due diligence. *Chitty on Bills,* 453, *note* 1 ; *Haley vs. Brown,* 5 *Barr,* 178, 181.

The plaintiff did not show that the notary and holder were ignorant of the endorser's (the defendant's) place of abode.

Absence of the maker at sea, his family still residing in the State, does not excuse demand. *Dennis vs. Walker,* 7 *N. H.,* 199.

The plaintiff's prayer contemplated simply the proof of handwriting, the notarial protest, and promise to pay—this

Tate *vs.* Sullivan.

last feature of the prayer was evidently to meet the defendant's plea of limitations. But even if the point were before the Court, the prayer was faulty, because it left the jury to find the promise, but did not submit to them the finding of the knowledge of want of notice or want of legal demand of payment on the maker by the endorser. *Story on Promissory Notes,* secs. 280, 361 ; *Beck vs. Thompson,* 4 *H. & J.,* 531 ; *Philips vs. McCurdy,* 1 *H. & J.,* 190.

*Alexander B. Hagner,* for the appellee :

The Circuit Court did not decide upon the *sufficiency* of the protest to establish that due notice of protest had been given to the defendant. It simply decided that the paper was *admissible* as evidence upon the point, and if the protest were evidence *tending* to prove this, it would have been error to exclude it.

The Code, Article 14, section 7, declares, that when the protest shall state that notice of non-payment has been sent to the parties to a note, and the manner of such notice, such protest shall be *prima facie* evidence that the notice was sent in the manner therein stated.

The plaintiff had already proved the admission by the defendant that he had received the notice. The defendant had endeavored to apply this admission to another notice, and the averment in the notarial protest was evidence tending to sustain the plaintiff's evidence, since it showed that the note had been duly protested, and that all the formalities which the note on its face required should be observed to give notice to the endorser, had been complied with.

There was nothing to show that the plaintiff or any other party in any way connected with the note, ever heard before the trial that the defendant did not reside in Baltimore where the note was dated; and it is clear that in the absence of such knowledge by the holder, he was justified in concluding that the defendant lived in Baltimore, and sending the notice of protest through the post office. *Nailor vs. Bowie,* 3 *Md.,*

Tate *vs.* Sullivan.

256; *Sasscer vs. Whitely, &c.,* 10 *Md.,* 100; *Staylor vs. Ball & Williams,* 24 *Md.,* 184; *Selden, et al., vs. Washington's Adm'x,* 17 *Md.,* 379.

The ruling of the Court to which the second exception was taken should be affirmed. The protest shows that the notary presented the note for payment at the Court House, Post Office and Exchange, and that he "*could find no one* who could *inform him where the maker resided or did business,*" &c.

It is further shown that Gilley, who was a sea-faring man, was at the time absent, probably at sea, and therefore he *could not have been found* in Baltimore by any exertions whatever. But no further efforts than those narrated by the notary were necessary, under the circumstances, to make the demand. *Nailor vs. Bowie,* 3 *Md.,* 251; *Sasscer vs. Whitely,* 10 *Md.,* 98; *Selden, et al., vs. Washington's Adm'x,* 17 *Md.,* 380; *Staylor vs. Ball & Williams,* 24 *Md.,* 196.

The defendant admitted that he had received the notice and knew all about the protest, and promised to pay the debt. Such declarations would be a sufficient waiver of notice, even if irregularly sent to the endorser, and would sustain a verdict upon the note against the defendant. *Long vs. Crawford,* 18 *Md.,* 225; *Whitridge vs. Rider,* 22 *Md.,* 548; *Staylor vs. Ball,* 24 *Md.,* 184.

STEWART, J., delivered the opinion of the Court.

To facilitate commercial operations, the notarial protest is made by law *prima facie* evidence of the presentment of the notes for payment, to the maker at the time and in the manner therein stated—its non-payment and notice thereof sent or delivered to the endorser as stated therein. The appellee had a right to offer the protest as *prima facie* evidence of the contents, and there was no error in the first and second exceptions; but its sufficiency without additional evidence to fix responsibility for the payment of the note upon the appellant as endorser, was quite a different question. See *Nailor vs. Bowie,* 3 *Md.,* 258.

In the third exception, the question as to the sufficiency of the protest arises, when the objection is made to the instruction of the Court to the jury under the appellee's prayer, which assumes that the evidence in the case was sufficient, if found by the jury, to entitle the appellee to recover. The first part of the instruction virtually affirmed that there was sufficiency of proof of demand and refusal to pay, on the part of the maker, to show that the appellee, as the holder of the note, had performed all the conditions incumbent on him, to make the appellant as endorser responsible for its payment. Due demand upon the maker and due notice to the endorser of its non-payment, were conditions precedent to the appellee's right to recover. Compliance with these conditions to make the endorser responsible, is not an idle ceremony, but an imperative performance of duty. This rule is obligatory, and the endorser has the right to a strict observance of its requirements. *Story on Prom. Notes, sec.* 201 ; *Whiteford vs. Burckmyer & Adams,* 1 *Gill,* 142.

Where there is no dispute about the facts, what is due diligence, is a question of law for the Court to determine; and where the facts are submitted to the jury to be ascertained by their verdict, they must be sufficient to constitute due diligence.

If the proof is insufficient in law, it is error to refer the question to the jury. *Orear and Berkley vs. McDonald,* 9 *Gill,* 354. From the contents of the protest, assuming them to be true, and from all of the evidence, there has not been due diligence, either in the demand upon the maker or in the notice of non-payment to the endorser, the appellant, to justify the Court below in granting the appellee's prayer. *Whiteford vs. Burckmyer,* 1 *Gill,* 144; *Nailor vs. Bowie,* 3 *Md.,* 258.

If the maker of the note resided in Baltimore, and such was the proof, demand should have been made upon him, or left at his place of abode. 3 *Kent's Comm.,* 95, 97 ; *Story* on *Prom. Notes, sec.* 235. There is no proof whatever that the holder of the note, the appellee, did not know of his resi-

dence in the city of Baltimore. He was a witness in the cause, and might have given some information upon the subject. Enquiry for him, by the notary, at the post office, exchange and court house was not alone sufficient. Efforts should have been made to learn if he had a residence in the city. The Directory might have been examined.

The holder of the note is not permitted to sleep in performing what is required of him, and his agent, the notary public, as an agent and officer, must be vigilant and industrious in the discharge of his duty. *Staylor vs. Ball & Williams,* 24 *Md.,* 199, 200; *Story on Prom. Notes, p.* 436, *n.* His notarial protest is an important instrument of evidence, importing that diligence has been used in obtaining necessary information, and in the discharge of the trust. The law makes his certificate *prima facie* evidence of its contents, as stated in the same, but nothing more. Nor was there sufficient enquiry as to the residence of the endorser. If the holder of the note knew of the residence of the endorser in Anne Arundel county, (and there is nothing shown to the contrary,) notice should have been sent to his nearest post office. *Bell vs. Hagerstown Bank,* 7 *Gill,* 217; *Bank of Columbia vs Magruder,* 6 *H. & J.,* 172; *Moore vs. Hardcastle,* 11 *Md.,* 490; *Story on Prom. Notes, sec.* 316, *and note* 2. The notary public may have been ignorant as to the endorser's residence, but not so the holder of the note, who might, by due diligence, have informed himself. There is no evidence that the appellee gave himself any trouble whatever about the matter, or used the slightest effort to become informed of the residence of the appellant. " The holder must not allow himself to remain in a state of passive and contented ignorance." *Chitty on Bills,* 486. He seems to have trusted to the industry and vigilance of the notary, and run the hazard of his using the proper means. The law will not sanction such *laches. Haley vs. Brown,* 5 *Barr,* 178.

Besides, the prayer of the appellee might mislead the jury from its ambiguous character, involving two distinct propo-

sitions. The first part of it assumes that the proof of demand and refusal is sufficient, if believed by the jury, to make the appellant answerable as endorser, independent of any proof of a *waiver* on the part of the appellant, by promise or admission.

The second part assumes that the acknowledgment and promise to pay, if believed by the jury, were sufficient to defeat the plea of limitation, upon the hypothesis that there was sufficient proof of notice of demand, and of the protest to bind the appellant. The acknowledgment is not relied upon as a waiver on the part of the appellant, to dispense with demand and refusal, and notice, but to avoid the plea of limitation,—and no question of a waiver is presented. The appellant's admission and promise, if believed by the jury to have been made, might be relied upon to defeat limitation, if the responsibility for the payment of the note was fixed upon the appellant by sufficient proof of demand and refusal.

The second part of the instruction is connected with, and made dependent upon the first, and if that is defective, the whole is objectionable.

If a waiver of the conditions to bind the appellant had been relied upon by the appellee, and there was sufficient evidence to be submitted to the jury to sustain it, that question ought to have been directly presented. If the appellant, with full knowledge of the omissions on the part of the appellee or the holder of the note, assumed the liability, and promised notwithstanding, to pay the note, he might dispense with and waive his rights as endorser.

He has the privilege of insisting, strictly, upon his rights, or he may if he think fit, with a knowledge of all the facts, abandon them. *Staylor vs. Ball,* 24 *Md.,* 201; *Story on P., Notes, sec.* 361. The rule was adopted for his benefit and security, and he has the right to waive the consequences of the holder's neglect. But before his acknowledgment and promise to pay the note, can operate as a waiver of his privilege, and place him in the same condition as if demand

and notice had been duly given, there must be proof that he had knowledge of the facts, that no such demand and notice had been given. *Beck vs. Thompson,* 4 *H. & J.,* 531. If his promise or acknowledgment is relied upon as proof for that purpose, it must "amount to an admission of the right of the holder, or of a duty and willingness on his part to pay;" or if the knowledge is to be implied from the conduct and acts of the endorser, they must as clearly import a like admission or duty. *Story on Prom. Notes, sec.* 363. But no question of waiver having been presented under the instruction, no conclusion could be fairly deduced by the jury, in regard to any admission of the appellant, except as applicable to the plea of limitation.

*Judgment reversed and*
*procedendo ordered.*

(Decided 16th April, 1869.)