EVA SELDNER *vs.* MOUNT JACKSON NATIONAL BANK.

*Partnership—Dissolution—Promissory note—Waiver of Notice of Demand and Non-payment—Sufficiency of Waiver.*

A partner has the right after the dissolution of the partnership, and after publication of notice of the dissolution, to waive notice of demand and non-payment of a note indorsed by and discounted for the firm.

A telegram sent by such partner to the collecting bank, requesting it to pay the note and save protest and draw on him, in reply to an inquiry made of the firm by such bank, is a sufficient waiver.

APPEAL from the Superior Court of Baltimore City.

This action was brought against Eva Seldner and Lippman Seldner, copartners, trading as L. Seldner & Son. Eva Seldner only appeared and made defence. The case is stated in the opinion of the Court.

*First Exception.*—This exception related to the admissibility of evidence.

*Second Exception.*—The plaintiff submitted the following prayers:

1. That if the jury find from the evidence that prior to, and at the date of, the execution of the note in question, the defendant, Lippman Seldner, was a member of the firm of L. Seldner & Son, composed of himself and Eva Seldner, and was the active or managing partner therein; that he endorsed the note in evidence with the firm name; that he sent the two telegrams dated July 8th, 1885, offered in evidence by the plaintiff, and that by reason of the same plaintiff paid said note for account of said firm, and on the credit of said firm; and shall further

Seldner *vs.* Mount Jackson National Bank.

find that at the time of said payment plaintiff had no notice of the dissolution of said firm, then the plaintiff is entitled to recover.

2. That if the jury find from the evidence that the plaintiff was holder of the note offered in evidence, for value paid by it; that the same was endorsed by the firm of L. Seldner & Son, and that said firm was composed of Lippman Seldner and Eva Seldner, then the sending of the two telegrams offered by the plaintiff in evidence, may be taken by the jury as a waiver of protest on behalf of said firm; and if the jury so find, the plaintiff is entitled to recover.

The defendant submitted the following prayers:

1. If the jury shall find from the evidence that the plaintiff is a corporation, located at Mount Jackson, in the State of Virginia, doing the business of a National Bank, and that prior to July, 1885, a promissory note, drawn by G. S. P. Triplett and endorsed by L. Seldner & Son, was sent by the Merchants' National Bank of Baltimore, who had discounted the same, or its agent, to said bank for collection from the maker; and that at the time of its maturity, to wit, the 8th day of July, 1885, the said bank did, upon the authority of a telegram from Lippman Seldner, pay the said note of Triplett with its own money; and if they shall further find that the firm of L. Seldner & Son was, prior to the maturity of said note, dissolved, and shall further find that the said firm of L. Seldner & Son did not, at any time, have any dealings with the said Mount Jackson National Bank, then the plaintiff is not entitled to recover in this case, although the jury shall believe that the said Lippman Seldner was engaged in liquidating or settling up the business of L. Seldner & Son.

2. If the jury shall find from the evidence that on or about the 8th day of July, 1885, the plaintiff paid a note made by G. S. P. Triplett and endorsed by L. Seldner &

Son, upon the authority of Lippman Seldner, and that afterwards the said plaintiff twice drafted upon the said Lippman Seldner for the amount of the money so paid by it, as before stated, then the jury may find for the defendant.

3. That if the jury shall believe from the evidence that the plaintiff advanced the money and paid the note of G. S. P. Triplett, upon the individual credit and responsibility of Lippman Seldner, then the defendant is not bound therefor, and their verdict must be for the defendant.

4. That the testimony of Douglas H. Thomas, in relation to the dealings of the Merchants' Bank with L. Seldner & Son, and the discounting of notes for the said firm by said bank, and also the testimony of James R. Edmunds in relation to the dealings of the Bank of Commerce with L. Seldner & Son, and the discounting of notes by said bank for said firm, be and the same is hereby excluded from the consideration of the jury.

5. That the promissory note offered in this case, be and the same is hereby excluded from the consideration of the jury under the pleadings in this case.

6. That all evidence in relation to the waiver of protest, be and the same is hereby excluded from the consideration of the jury under the pleadings in this case.

7. That if the jury find from the evidence in this case, that the promissory note offered in evidence was, at the maturity thereof, the property of the Merchants' National Bank, and that upon the day of maturity of said note the same was paid by the plaintiff upon the authority of Lippman Seldner to pay said note, then there can be no recovery in this case against the endorsers upon said note, and their verdict may be for the defendants.

The Court (Brown, C. J.,) granted the first prayer of the plaintiff, and modified the second prayer and granted it as follows :

Seldner *vs.* Mount Jackson National Bank.

2. That if the jury find the facts stated in the plaintiff's first prayer, then the sending of the two telegrams offered by the plaintiff in evidence, was a waiver of protest on behalf of said firm, and if the jury so find, the plaintiff is entitled to recover.

The Court granted the third prayer of the defendant, and rejected her other prayers. She excepted, and the judgment being for the plaintiff, she appealed.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, ROBINSON, and BRYAN, J.

*Samuel Snowden,* for the appellant.

*Fielder C. Slingluff,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellee is the holder of a promissory note for $3500, dated March 5th, 1885, drawn by G. S. P. Triplett, and payable four months after date to the order of L. Seldner & Son. The note was endorsed by L. Seldner & Son and discounted for them by the Merchants' Bank of Baltimore, and was sent to appellee Bank for collection. A few days before its maturity, the appellee wrote to the chief clerk of the firm of L. Seldner & Son in regard to the payment of the note, and on the 8th July, 1885, the day of its maturity, received the following telegram:

"If G. S. P. Triplett will meet his note due to day, he can draw on me for the amount.

L. SELDNER."

On the afternoon of the same day, the appellee received another telegram as follows:

"Have learned that Triplett is away from home. If he has not left draft with you, you will please pay note and save protest, you can draw on me. Answer.

L. SELDNER."

As requested by this telegram, the appellee paid the note for and on account of L. Seldner & Son, and on the same day drew a draft on them, which was retured "*unpaid.*" Afterwards at his request the appellee drew a draft on L. Seldner which was also returned "*unpaid.*"

This suit is brought by the appellee, against Eva Seldner and Lippman Seldner, her son, partners trading as L. Seldner & Son, to recover the amount due on said note. At the time the note was drawn and endorsed, and discounted by the Merchants' Bank, the appellant, Eva Seldner and Lippman Seldner were, and for several years prior thereto, had been partners trading as L. Seldner & Son. The partnership however was dissolved by mutual consent in April, 1885, and notice of the dissolution was published sometime in the month of July following, the precise date of the same, whether before or after the 8th of July, the day of the maturity of the note does not appear. In our view of the case this is immaterial.

Now a great deal was said about the power of one partner, to bind his copartner, after dissolution of the partnership, and the case was argued on the part of the appellant as if the suit was brought upon a *new contract* made between Lippman Seldner, the settling partner, and the appellee, after the dissolution of the partnership. This however is not the case. The suit is brought on a note endorsed by and discounted for the firm, and upon which all the partners were liable. The appellee was bound of course to give notice of demand and non-payment by Triplett, the maker; and the only questions are, 1st. Whether Lippman Seldner, one of the partners, had the right after dissolution of the partnership, to waive notice of demand and non-payment? and 2nd. Whether the telegrams of July 8th, are to be construed as a waiver?

That he had the right to waive demand and notice, so long as the partnership continued, is clear; and we see no good reason why the mere dissolution of the partnership,

should operate as a revocation of his authority. It operated no, doubt, as a revocation of all authority on his part to bind his former partners by *new contracts*, but it did not revoke his authority to adjust, liquidate and settle the partnership affairs. The note was in the hands of the appellee for collection, and all the holder was required to do, in order to bind Seldner & Son the endorsers was to make demand on the maker, and in default of payment to give notice to the firm or to one of the members of the firm. And if Lippman Seldner, the settling partner, knew the maker was unable, or did not mean to pay the note, and that demand upon him would therefore be useless, he certainly had the power to waive demand and protest and thereby save the note from dishonor. In so doing, he does not make a *new contract*, nor does he incur *a new liability*, but merely dispenses with a requirement of the law intended solely for the benefit and protection of the endorser. The precise question before us was fully considered in *Darling vs. March,* 22 *Maine*, 184, and it was decided in that case, that a partner had the right after the dissolution of the partnership, and after notice of the dissolution to waive demand and notice.

"The waiver of demand and notice," say the Court, "is but the modification of an existing liability by dispensing with certain testimony, which would otherwise be required. If one of the former partners could not dispense with proofs which might be required at the time of the dissolution, he could not liquidate the accounts, and agree upon balances. To waive demand and notice, and to settle accounts is but to arrange the terms upon which an existing liability shall become perfect, without further proof. In doing this, he does not make a new contract, but acts within the scope of a continuing authority."

There is a broad distinction between a waiver under such circumstances, and a promise by a partner, made

after the dissolution, to pay a debt barred by the Statute of Limitations. The mere waiver of demand and notice does not, as we have said, create a new liability; whereas to permit a partner to renew a debt barred by the Statute as against his copartners, by an acknowledgment or a promise to pay made after the dissolution, would be to allow him to create a new liability.

The only question then is, whether the telegram of July 8th, is to be construed as a waiver of demand and notice? And here we may say, it is not necessary, that the waiver should be expressed *in totidem verbis,*—it matters not what particular language is used, provided it plainly appears, that the endorser meant to dispense with the demand and notice. *Fuller vs. McDonald,* 8 *Greenl.,* 213; *Woodman vs. Thurston,* 8 *Cush.,* 157; *Emery vs. Hobson,* 62 *Maine,* 578.

It has been held in many cases, that any language calculated to induce the holder not to make demand or protest is sufficient. *Moyer & Brother's Appeal,* 87 *Penna.,* 129 ; *Boyd vs. Bank of Toledo,* 32 *Ohio St.,* 526. In *Sigerdon vs. Matthews,* 20 *How.,* 496, where the party told the holder not to protest the note, as it should be paid at maturity, this was held to be a waiver of demand and notice. So in *Whitney vs. Abbott,* 5 *N. H.,* 378, where the endorser being informed that the maker had failed, told the holder there would be no trouble about it, and that he would pay it. And again in *Barker vs. Parker,* 6 *Pick.,* 80, where in response to inquiry by the holder, the endorser told him that it would be of no use to call upon the maker, it was held that demand and notice were waived. Other cases could be cited to the same effect.

Now, in this case, Lippman Seldner on the day of the maturity of the note, telegraphs, that he has learned that Triplett the maker is away from home, and requests appellee to pay the note and save protest, and draw on him. The intention to waive demand and notice could not have

been expressed in language more explicit, unless he had said in so many words that he waived, &c., and this was unnecessary.

Some stress was laid upon the fact, that the telegram was signed by Lippman Seldner, and not in the name of L. Seldner & Son. But it was sent in reply to an inquiry made by.the appellee of L. Seldner & Son, as to the payment of the note, endorsed by the firm, of which Lippman Seldner was a partner. And if he had the right as partner to waive demand and notice, it was altogether immaterial whether it was signed by him or in the name of the firm.

It follows from what we have said that the appellant was in no manner prejudiced by the rulings below, and the judgment will therefore be affirmed.

*Judgment affirmed.*