# HARRY L. ROBINSON *v.* LANCASTER FOUNDRY COMPANY.

*Indorser on Note — Liability — Presentment for Payment—Demand by Telephone.*

The possession of a note for presentment and delivery on payment is at once the maker's opportunity to ascertain the amount due, and the genuineness and maturity of the instrument, and is also sufficient evidence of the authority of the person making the presentment to receive the money and surrender the paper.

p. 84

The presentment of a note contemplates the physical presence of the holder or his agent where the presentment is required to be made.                                   p. 85

The indorser alone can waive, or authorize another to waive, his contractual right to a due presentment of the note.      p. 85

A corporate note was not duly presented for payment, so as to charge an indorser, the president of the corporation, when the notary who had it for protest merely telephoned the office of the corporation, where the note was payable, asked for an officer of the corporation, and demanded payment of the note, and was told, by some person whose identity was not disclosed, that the president was not there.                         pp. 86-88

A notary's certificate of protest is an official statement of a public officer that is receivable in evidence as *prima facie* proof of its recitals, and therefore must be based on personal observation and knowledge.                             p. 87

The presentment of a note and demand of payment require personal attendance at the place of demand with the note, in readiness to receive payment and surrender it if the debtor is willing to pay.                                p. 88

Presentment, as a condition precedent to the indorser's liability to pay, is not rendered unnecessary by the fact that the indorser suffers no detriment, nor by the insolvency or bankruptcy of the maker.                            p. 87

*Decided January 13th, 1927.*

Appeal from the Baltimore City Court (DUFFY, J.).

Action   by   the   Lancaster   Foundry   Company   against
Harry L. Robinson.   From a judgment for plaintiff, defend-
ant appeals.   Reversed.

The cause was argued before BOND, C. J., URNER, AD-
KINS, OFFUTT, and PARKE, JJ.

*Theodore C. Waters,* with whom were *Mullikin & Porter*
on the brief, for the appellant.

*Raymond S. Williams* and *Roger B. Williams,* with whom
were *Hershey, Donaldson & Williams* on the brief, for the
appellee.

PARKE, J., delivered the opinion of the Court.

On the fourteenth day of October, nineteen hundred and
twenty-one, the American Tool and Machine Company, by
its promissory note of that date, promised to pay to the order
of the Lancaster Foundry Company, appellee, the sum of
eighteen hundred and one dollars and sixty-five cents three
months after date, with interest, at Bel Air Road and South-
ern Avenue, Baltimore, Maryland, for value received.   The
note was indorsed individually by Harry L. Robinson, the
appellant, for the accommodation of the maker, of which he
was the president.   The payee negotiated the note at the
Union Trust Company of Lancaster, Pennsylvania.   When
it was not paid at maturity, the payee paid the note to its
holder, and endeavored, without success, to get the maker to
pay.   The maker having become bankrupt in June, 1922, the
payee brought suit on the note against the indorser, Harry
L. Robinson, and. obtained judgment.   Code, art. 13, secs.
48, 82; *Weant v. Southern Trust Co.,* 112 Md. 471; *Black
v. First Nat. Bank of Westminster,* 96 Md. 417; *Jamesson v.
Citizens Bank,* 130 Md. 84, 87.

The note matured on Sunday, so that it became due on the
following Monday, which was January sixteenth, nineteen
hundred and twenty-two.   At the trial the appellee offered

evidence tending to show that the holder of the note had forwarded it to the National Bank of Baltimore for collection, and that, at the close of the banking hours on Monday, the unpaid note was given to a notary, who protested the instrument and duly sent by mail the usual written notices of dishonor to the maker and indorsers.

The note and certificate of protest were in evidence, and the notary was asked by the appellant what it was she had done to enable her to certify in her certificate of protest that she had "presented the said note to the American Tool and Machine Company, Baltimore, Md., and upon demand for payment received answer: "Mr. Robinson is not here."

Her explanation was that some time after three o'clock and prior to four o'clock on the afternoon of the Monday the note was payable, she did not go to Bel Air Road and Southern Avenue, Baltimore, which was the location of the place of business of the maker and the place where the note was made payable, but called the office of the maker by telephone, asking for an officer of the corporation and, upon making demand for payment of the note, received the answer: "Mr. Robinson is not here"; and upon that reply her protest was based. The notary did not know who the person was who answered the telephone, nor did this person have any means of knowing the notary or the capacity in which she was acting, other than what the notary herself had said in the telephone message described. What has been here stated is the only proof of presentment, since appellant's testimony tended to establish that the office force consisted of two bookkeepers and a stenographer, and that the president, vice-president and a salesman had been also present at the office, but not during the whole day, and that no communication by telephone had been received from the notary. There was the further testimony of the appellant, who was also the maker's president, that the maker was in a position to pay the note at maturity if it had been properly presented.

There is but one exception on this record, and it is to the refusal to direct a verdict for the indorser. The single ques-

tion is, conceding the truth of the notary's evidence, Was there a presentment for payment sufficient, on the dishonor of the note, to bind a party secondarily liable? The notary had possession of the note and was the agent of the holder to receive payment on its behalf, and the time she acted was at a reasonable hour on a business day, but the presentment was not complete (a) until the note had been presented at the place specified in the instrument (b) to the American Tool and Machinery Company, the party primarily liable on the instrument, or, if its proper officer had been absent or inaccessible, to any person found at the place where the presentment was to be made. Code, art. 13, secs. 91, 92. The note expressly stipulated that it was to be paid at the place of business of the maker, at the corner of Bel Air Road and Southern Avenue, Baltimore. While presentment to the appellant as the president of the maker, at its designated place of business, would have fulfilled the remaining conditions of the presentment, his absence would not have released the agent of the holder from presenting the note to some other available accredited officer of the maker, as it is only upon the contingency of the absence or inaccessibility, at the place of presentment, of the person primarily liable, that the holder or his agent may present the negotiable instrument to any person found at the place when the presentment is made. *Supra.* 5 *Uniform Laws Annot.,* sec. 97, pp. 377, 378. In addition to the cited sections, the Negotiable Instrument Act declares that the instrument must be exhibited to the person from whom payment is demanded, and when it is paid must be delivered up to the party paying it. Section 93.

The purpose of presentment is to receive payment from the maker. The possession of the instrument for presentment and delivery upon payment is at once the opportunity of the maker to ascertain the amount due, and if the instrument be genuine and matured, and is, also, sufficient evidence of the authority of the person making the presentment to receive the money and surrender the paper. 2 *Ames, Cases on Bills and Notes,* 337, 338. Thus the nature of

the transaction contemplates the physical presence of the holder or his agent where the presentment is required to be made. While presentment for payment is not necessary to charge the person primarily liable on the instrument (*Forwood v. Magness,* 143 Md. 1, 5), yet it is necessary to charge the endorsers, except as, (a) where the instrument was made or accepted for his accommodation and he has no reason to expect that the instrument will be paid if pre-sented; (b) where after the exercise of reasonable diligence, presentment as required by the statute can not be made; (c) when the drawer is a fictitious person; or (d) by an express or implied waiver of presentment. Code, art. 13, secs. 89, 98, 99, 101. It is clear that the appellant does not come within the first three exceptions, and there was no express waiver of presentment and, as will be shortly seen, no implied waiver.

The indorser is a party secondarily liable on the instru-ment and, although known to the holder at the time of taking the instrument as only an accommodation party, his contract with the holder, or with any subsequent indorser who may be compelled to pay the negotiable paper, is that the instrument, on due presentment, shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay. Code, art. 13, secs 15, 48, 82, 83, 85. Obviously the rights and liabilities of the holder and the indorser are contractual, and no right of either may be waived, except by himself as the party bound according to these contractual rights and liabilities. If the indorser were willing to give up his right to a due presentment, it was the indorser and none other who could so waive, or authorize another for him to waive, this con-tractual right. There is nothing on the record to suggest that the indorser ever waived presentment or agreed that he was to be liable without presentment. *Tate v. Sullivan,* 30 Md. 464, 472; *Linthicum v. Bagley,* 131 Md. 644, 646; *Parr v. City Trust Co.,* 95 Md. 291, 299; *Schwartz & Sons*

*v. Wilmer,* 90 Md. 136, 141; *Seldner v. Mount Jackson Bank,* 66 Md. 488, 494.

The question on the instant appeal is therefore, simply, Can a presentment be made by telephone? As has been pointed out, the language of the statute neither authorizes nor tolerates anything short of a personal presentment at the place specified by the note for payment. The persons in communication over the telephone in the instant case did not know each other, and each would have to accept the statement of the other as to his identity, agency, and authority. The burden of strictly proving a due presentment was upon the holder, and defects in his proof can not be supplied by conjecture. *Farmers' & Mechanics' Bank v. Allen,* 18 Md. 475, 479; *Tate v. Sullivan,* 30 Md. 464, 470. The communication by telephone was admitted without any evidence of the identity of the person who answered the telephone call, either through the notary being familiar with the speaker's voice, or through the speaker purporting to be the particular person called, as later confirmed by such declarations and acts of the speaker, his principal, or agents, as would be obviously consistent with the purporting identity of the speaker. *Archer v. State,* 145 Md. 128, 149; *Knickerbocker Ice Co. v. Gardiner Dairy Co.,* 107 Md. 556, 571, 572, 573; *Miller v. Leib,* 109 Md. 414, 424, 425; and see *Sharpless Separator Co. v. Brilhart,* 129 Md. 82, 90, 91. If these circumstances had existed, the decisions of this tribunal have permitted the admission of this testimony to prove the receipt of communications by telephone, with the accompanying cautionary comment that, "as it is a character of evidence that might be used improperly, courts should be careful in the application of the rule." 107 Md. 573; 129 Md. 90.

The person who responded to the telephone call may be assumed to be some one in the office who was employed for that purpose, but in this particular instance there is nothing upon which to ground an assumption that the person responding was an officer of the corporation to whom

a presentment could, primarily, be made.  *Supra.*  The person who first answers a telephone call is not ordinarily an employee to whom a corporation has delegated the duty of paying its maturing negotiable paper.  There is also a wide difference between the admissibility of testimony to a jury and its legal sufficiency.  *Tate v. Sullivan,* 30 Md. 464, 469, 470.  As pointed out by Wigmore, a notary's certificate of protest is an official statement of a public officer that is receivable in evidence as *prima facie* proof of its recitals, and, therefore, must be based on personal observation and knowledge.  3 *Wigmore on Evidence* (2nd Ed.), sec. 1635.  Here the notary's protest is founded on the statement of an unknown person, who, while neither disclosing his identity or position, nor refusing the payment demanded, or declaring the futility of presentment at the place of business, merely replied, "Mr. Robinson is not here."  Under such circumstances the necessary elements of an actual presentment were lacking, and the agent for the holder could not truly certify that she had presented the note to its maker for payment.  A mere stranger, the stenographer, or any subordinate employee or officer, may have stated, "Mr. Robinson is not here."

The contract of the indorser was that he should be liable to pay the instrument only in the event that presentment was made to the maker, on the day of its maturity, at the particular place named in the instrument.  Hence presentment is a condition precedent to the indorser's liability to pay, and his right to insist upon a presentment is contractual.  So presentment is not rendered unnecessary by the fact that an indorser suffered no detriment, nor by the insolvency or bankruptcy of the maker.  *Dennis v. Morrice,* 3 Esp. 158; 2 *Ames, Cases on Bills and Notes,* 486, 490, 314; *Armstrong v. Thurston,* 11 Md. 148, 157; *Buehner v. Schlhorst,* 149 Md. 474.  Many means may remain, even to a bankrupt, of obtaining money to make the payment, through the help of friends or otherwise; and a formal demand in person at the maker's place of business possesses a persuasive value in

procuring the payment of a demand there made that only the indorser has a right to waive. Thus it appears that presentment is something more than a demand of payment, and cannot be gratified by the holder or his agent demanding by telephone of the maker himself, at the place of payment, the satisfaction of a negotiable note, although the maker is notified that the note is in the possession of his communicant and ready for delivery, and although the maker refuse to comply with the demand. This question was before the New York Court of Appeals in *Gilpin v. Savage* (1911), 201 N. Y. 167, 22 Ann. Cas. 861, 34 L. R. A. (N. S.) 417, on the facts last recited, and the court there held that a demand so made over the telephone was not a sufficient presentment and demand for the purpose of binding an indorser, saying: "It requires personal attendance at the place of demand with the note, in readiness to exhibit it if required and to receive payment and surrender it if the debtor is willing to pay." We find this decision sound in principle and generally accepted as stating the prevailing rule, whose application to the facts on this record require a reversal, without a new trial.　2 *Williston on Contracts,* sec. 1166, p. 2158; 3 *R. C. L.,* sec. 425, pp. 1205, 1206; 8 *C. J.,* sec. 763, p. 551, sec. 777, p. 560; *Brannan's Negotiable Instrument Law* (4th Ed.), sec. 74, pp. 649, 650; 5 *Uniform Laws Annot.,* sec. 74, p. 343; 2 *Ames, Cases on Bills and Notes,* 330, 331, note 1, 358. See *Porter v. East Jordan Realty Co.,* 210 Mich. 398, reported and annotated in 11 *A. L. R.* 963, 968, 969 note, 979; and see *Farmers Bank v. Duvall,* 7 G. & J. 78; *Nailor v. Bowie,* 3 Md. 251, 256, 257; *Staylor v. Ball,* 24 Md. 183, 196, 197; *Peoples Bank v. Keech,* 26 Md. 521, 530; *Tate v. Sullivan,* 30 Md. 464, 470, 471; *Peoples Bank v. Brooke,* 31 Md. 7, 11.　　　　　　　　　　　　　　　　　　　,

*Judgment reversed, with costs, without awarding a new trial.*