## JAMES L. FARMER *vs.* JOHN RAND.

If a note be altered in a material part, without the consent of the party to be affected by it, it is void as to such party.

This principle applies to an alteration, changing the liability of an indorser from a conditional to an absolute engagement.

The words, we waive demand on the promisor and notice to ourselves, written over the names of several indorsers, and appearing on the note when offered to be read to the jury, are *prima facie* evidence of a waiver of demand and notice.

Where a note payable to order was indorsed in blank by four individuals, and afterwards the second indorser, being then the holder of the note, wrote above all the names the words, *"we waive all notice on the promisor and ourselves, and guaranty the payment at all events,"* without the assent or knowledge of an after indorser; *it was held,* that such after indorser was thereby discharged.

EXCEPTIONS from the Court of Common Pleas.

*Assumpsit* by the plaintiff, as indorsee, against the defendant, as indorser, of a promissory note, of which the following is a copy.

" $350.                                    *Boston, Oct.* 31, 1835.

" Eight months after date, I promise to pay to the order of *J. Fairbank,* at *Tremont* Bank, in *Boston,* three hundred and fifty dollars, value received with interest.              *J. Fairbank.*"

On the back of the note, there was written crosswise, and near the top of the paper, these words: "We waive all notice on the promisor and ourselves, and guaranty the payment at all events." Directly below were written the names " *J. Fairbank,*" " *K. B. Sewall,*" " Pay to order of *E. P. Clark,* Cashr., *C. C. Tobie,* Cashr.," " *Edward H. Thomas,*" " *John Rand,*" " *Jas. L. Farmer.*" When the note was left in the *Cumberland* Bank, the name of *Thomas* followed immediately after that of *Sewall,* but with a larger space intervening than between the others, the name of *Farmer* being written near the bottom ; and the Cashier of the Bank wrote the words " Pay to order of *E. P. Clark,* Cash. *C. C. Tobie,* Cash.", for the purpose of sending it to a bank in *Boston* for collection, on the blank space between those signatures. After the introduction of certain evidence in relation to a demand and notice, which were objected to and their sufficiency contested, the defendant proved, that the waiver of notice and guaranty of pay-

ment at all events were written over the names by said *Sewall*, the second indorser, who then held the note, after it had been indorsed by the defendant, when he was not present, and without his knowledge, privity, or consent. The defendant thereupon contended, that the writing of such waiver and guaranty, under the circumstances proved, was a material alteration of the note, and rendered it void, as against the defendant. *Whitman* C. J., who presided at the trial, instructed the jury, that the writing such waiver after the note had been indorsed by the defendant, and when the defendant was not present, and without his knowledge, privity, or consent, was not a material alteration of the note, and did not discharge the defendant. And that such waiver affected only the person making it; that the contract of each indorser was several, and created a several contract as to him, as much as if each contract had been written on a separate piece of paper; and that no agreement as to one inserted over his name, could alter the liability of any other, unless inserted by his consent immediately over his name. The verdict was for the plaintiff, and the defendant excepted to the instructions of the Judge.

*Rand, pro se*, contended, that the writing of the waiver of demand and notice, and of the guaranty at all events, was a material alteration, changing his liability from a conditional to an absolute one. This having been done without any assent, or knowledge, on his part, destroyed all right of action on the paper against him. He cited *Bayley on Bills, Ed. of P. & S.* 58; *Masters v. Miller,* 4 *T. R.* 320; *Cowie v. Halsall,* 4 *Barn. & Ald.* 197; *Wheelock* v. *Freeman,* 13 *Pick.* 165; *Clawson v. Dustin,* 2 *Southard,* 821; *Bank of America* v. *Woodworth,* 18 *Johns. R.* 315; *U. States* v. *Barker,* 12 *Wheat.* 559.

*W. Goodenow,* for the plaintiff, insisted, that the charge of the Judge of the Court of Common Pleas put the case on its true grounds. The defendant is not sought to be charged by reason of any thing written on the back of the note, other than his own signature, but on the ground of his being an indorser, and of a regular demand and notice. No liabilities or remedies of the defendant are changed by the words written upon the note. They apply only to the first signature under them. Each indorser undertakes for

himself, and not jointly with others. The cases cited are where there was an alteration of the note, and not to writing words over the name of an indorser. *Nevins* v. *Degrand*, 15 *Mass. R.* 436; *Bayley on Bills*, 90; *Gore* v. *Boardman*, 15 *Mass. R.* 331.

The action was continued, for advisement, and the opinion of the Court afterwards drawn up by

WESTON C. J. — The authorities are very clear, that if a note or other instrument be altered in a material part, without the consent of the party to be affected by it, it is void. *Masters* v. *Miller*, 4 *T. R.* 320; *Powell* v. *Divett*, 15 *East*, 29; *Hatch et al.* v. *Hatch et al.* 9 *Mass. R.* 311; *Homer* v. *Wallis*, 11 *Mass. R.* 309. *Cowie et al.* v. *Halsall*, 4 *Barn. & Ald.* 197; *Wheelock* v. *Freeman*, 13 *Pick.* 165; *Clawson* v. *Dustin*, 2 *Southard*, 821.

The case finds, that after the note was made and indorsed as it now is, with the exception of the indorsement of " *C. C. Tobie* to *E. P. Clark*," the waiver of demand and notice was written over the signatures of all the indorsers, by *Sewall*, the second indorser, without the knowledge or consent of the defendant. If this waiver does, as the instrument stands, apply to the defendant, it is a material alteration, which discharges him. His contract made him liable upon demand and notice; by the alteration, he was liable without either. Suppose the indorsers had all assented to the waiver, in what terms could their assent be more intelligibly expressed. They are severally bound by their respective indorsements, but they might all agree to waive demand and notice; and such agreement would be taken distributively, and applied to each. " We waive," is equivalent to the words, " we severally waive," as the contract of each was several upon his indorsement.

Waiver of demand and notice is not so unusual, as justly to excite a suspicion, that its insertion was a fraudulent alteration. The signatures of all following the waiver, is, we doubt not, *prima facie* evidence against each, that he assented to it. *Sewall* certainly cannot be understood, from the terms used, to have intended to confine the waiver to himself; nor is there reason to believe, that the plaintiff, who discounted the note, received it with that limitation.

The jury were correctly instructed, that *Sewall* could not, by what he had written, bind the others who had not assented; and

that it was not in his power, without authority, to alter their liability. And that is true of all unauthorized alterations of instruments, which yet however, if material, destroy their legal obligation. After the alteration, the defendant was subjected to the hazard of being charged, without demand or notice; for such is apparently his undertaking, aside from the counter proof, by him introduced. In *Cowie* v. *Halsall*, the holder altered a general acceptance of a bill of exchange, by subjoining a certain house, as the place of payment. This was held such a material alteration, as discharged the acceptor. It subjected him to the hazard of being sued and arrested, without notice. The acceptor there had made himself liable, as such, to pay absolutely. Here the defendant had undertaken conditionally; but the alteration dispensed with the condition, and converted his promise into an absolute guaranty. And in our opinion, the Judge, who presided at the trial, should have instructed the jury, that the alteration was material, and the defendant discharged. The exceptions are accordingly sustained, the verdict set aside, and a new trial granted.