### GEORGE A. SHAW *vs.* WILLIAM N. KNOX.

One who indorses a draft for the accommodation of the drawer and at the request of another who also indorses it at the same time and for the same purpose does not thereby become a joint indorser with him.

An accommodation indorser of a draft who has been obliged to pay it to a holder for value may maintain an action thereon against a prior indorser.

CONTRACT on a draft by Nathaniel Heath on John W. West for payment of four hundred and fifty dollars three months after

date to the order of the defendant, indorsed by the latter and bearing also, below the defendant's indorsement the indorsement of E. Longfellow & Son.

Trial in the superior court, before *Morton*, J., without a jury, when it appeared that the draft was drawn on the day of its date, and indorsed by the defendant, and then at his request by E. Longfellow & Son, " so that it could be discounted," (neither of the indorsers receiving any consideration therefor,) and then was negotiated, and discounted by a bank, and presented for acceptance; that it was accepted by West, but on maturity was protested for nonpayment; and that E. Longfellow & Son some months later paid it to the bank and took it up, and afterwards sold it to the plaintiff.

The defendant asked the judge to rule " that E. Longfellow & Son and the defendant were joint accommodation indorsers, and, when the former paid the draft, its negotiability was destroyed, and they could not pass it to the plaintiff so that he could maintain an action thereon." But he declined so to rule, and ruled that the plaintiff could maintain his action, and found for the plaintiff; and the defendant alleged exceptions.

*A. Wellington*, for the defendant.

*J. A. Loring*, for the plaintiff.

BIGELOW, C. J. There was no joint liability on the part of the defendant with the subsequent indorsers. The indorsers on the draft were all liable to the holders of the draft for value on their several contracts of indorsement. There was no agreement between the parties, when the draft was made and indorsed, that they should hold any other relation towards each other than that which would result from their being successive indorsers on the draft for the accommodation of the drawer. If the last indorser paid the draft to the holder for value, he would succeed to the right of such holder, and could look to his prior indorser for payment of the amount paid by him. *Guild* v. *Eager*, 17 Mass. 615. Such payment was in fact made by the second indorsers, from whom the plaintiff derives his title to the draft. The relations of the parties to the draft can in no sense be regarded as creating a contract of joint guaranty and suretyship. The rights

and duties of the several parties to an accommodation note or bill of exchange are the same in all respects as upon notes given for value. The legal effect of the contract into which they respectively enter by becoming parties to negotiable paper is that which appears on the face of the bill or note. It follows that, if an accommodation indorser is obliged to take up the draft in the hands of a holder for value, he can look to his prior indorser for payment. *Church* v. *Barlow*, 9 Pick. 547. *Clapp v Rice*, 13 Gray, 403. *Howe* v. *Merrill*, 5 Cush. 80.

*Exceptions overruled.*