HILLEGAS, *Appellant*, v. STEPHENSON.

**Promissory Note**: PRINCIPAL AND SURETY. In the absence of a special agreement, the legal liability of the parties to a promissory note is to be determined by the relation they bear to the note, and the fact that one of them was the principal debtor and the others signed for his accommodation, will not change this rule or make the latter co-sureties as to each other. Hence, where one of two accommodation signers executed a note as joint maker with the principal debtor and the other as payee and indorser, and there was no special agreement between them; *Held*, that the former could not, after paying the note, call upon the latter for contribution.

*Appeal from Henry Circuit Court.*—HON. F. P. WRIGHT, Judge.

AFFIRMED.

*M. A. Fyke* for appellant.

If it was the understanding between plaintiff, and defendant that they were both signing merely for the accom-

modation of Connor, then they are equally liable, and plaintiff having paid the whole amount, defendant is liable to him for one-half. *Warner v. Price*, 3 Wend. 397; *Norton v. Coons*, 2 Seld. 33; *Barry v. Ransom*, 12 N. Y. 462; *Craythorne v. Swinburne*, 14 Ves. 159; *Griffith v. Reed*, 21 Wend. 501. The evidence shows this was the understanding. Nothing more was necessary—no special agreement. The liability to contribution depends on principles of equity rather than on contract. *Campbell v. Mesier*, 4 John. Ch. 337.

*R. C. McBeth* and *S. B. Orem* for respondent, cited *McDonald v. Magruder*, 3 Pet. 474; Story on Prom. Notes, §§ 113, 135; Parsons Merc. Law, (2 Ed.) top p. 120; *McCune v. Belt*, 45 Mo. 174; *McCarty v. Roots*, 21 How. 432; *McNeilly v. Patchin*, 23 Mo. 40.

NORTON, J.—This was an action against defendant for contribution as co-security on a promissory note. The note was executed by plaintiff and one J. R. Connor, as makers, and made payable to defendant, Stephenson. Stephenson, as payee named in the note, indorsed the note to the First National Bank, Clinton, Missouri. The bank discounted the note for the benefit of Connor—neither plaintiff nor defendant receiving any of the benefits of the note. When the note became due it was protested for non-payment, and within a few days thereafter plaintiff paid off said note to the bank, Connor, for whose sole benefit the note was made, being at that time insolvent. The cause was tried by the court without the intervention of a jury, and judgment rendered for defendant, from which plaintiff appeals, and assigns for error the action of the court in giving an instruction to the effect " that although plaintiff signed the note as an accommodation maker and merely as security for Connor, and defendant, the payee and indorser of the note, was only an accommodation indorser, by means of which Connor, as the sole principal,

procured the money from the bank, plaintiff could not recover, unless it further appeared that there was a special agreement between them that they should stand as co-securities and be liable to contribution."

This instruction presented the law governing the case and was properly given. An examination of the petition discloses the fact that the pleader or draftsman of it entertained the same view of the law, for after setting forth all the facts as to the execution of the note and its indorsement by the defendant, it is averred " that both plaintiff and defendant well knew and understood that said note was made for the accommodation of said Connor and that plaintiff and defendant were co-securities therein." The court in the instruction given adopted the theory of the case presented in the petition, and we think the theory was correct. Plaintiff, as maker of the note, assumed an unconditional obligation to pay it in the hands of the holder at maturity, whereas defendant being the payee, by his indorsement only assumed the obligation to pay the note if the makers did not upon due presentment and proper notice of default. Story on Prom. Notes, §§ 113, 135. In the case of *McCune v. Belt*, 45 Mo. 174, it was held " that in the absence of any special agreement the relation which parties to a note bear to each other is to be determined by the instrument to which they are parties. If they intend to be co-securities, they should so agree, or should be drawers merely." Judgment affirmed, in which all concur.