| 56 | 187 |
|----|-----|
| 66 | 603 |
| 56 | 187 |
| 111 | 177 |

JAS. R. McGURK v. WM. C. HUGGETT AND JAS. ROONEY.

*Promissory notes—Successive indorsers.*

In Michigan successive indorsers of commercial paper are not, as such, sureties for each other and liable to contribution. If the last indorser has to pay the note, he can recover the whole amount from his predecessors and from the maker. And this is true of accommodation indorsements.

Error to St. Clair. (Stevens, J.) Jan. 22.—Jan. 28.

ASSUMPSIT. Defendant Huggett brings error. Affirmed.

*Wm. T. Mitchell* for appellant. An indorser is liable to a subsequent indorser : *M'Donald v. Magruder* 3 Pet. 471.

*Avery Brothers* for appellee. Persons signing a note on the back before the payee indorses it are themselves makers : *Wetherwax v. Paine* 2 Mich. 555 ; *Rothschild v. Grix* 31 Mich. 151 ; *Herbage v. McEntee* 40 Mich. 337 ; *Sibley v. Muskegon Nat. Bank* 41 Mich. 196 ; *Moynahan v. Hanaford* 42 Mich. 330 ; in Michigan a co-indorser is liable to contribution : *Stewart v. Goulden* 52 Mich. 143 ; *Stewart's Appeal* 39 Mich. 621 ; see *Daniel v. McRae* 2 Hawks. 590 : 11 Am. Dec. 787 ; *Douglas v. Waddle* 1 Ohio 413 : 13 Am. Dec. 639 ; *Preston v. Gould* 64 Iowa 44.

CHAMPLIN, J.   Plaintiff sues as last endorser upon a pro-missory note bearing date January 16, 1883, payable in ninety days to the order of defendant Huggett, for the sum of $200, with interest at ten per cent. after maturity, and made by the defendant Rooney.   The note was made by Rooney, and indorsed by Huggett for the sole accommodation of Rooney, who took it in this condition to the Port Huron Savings Bank for the purpose of procuring the note to be discounted by the bank.   Upon presenting the note at the bank it refused to discount it upon the responsibility of the parties to the paper, and afterward, at the request of Rooney, plaintiff endorsed the note under the endorsement of Huggett, and he did so without any consideration or arrangement with defend-ant Huggett, and without his knowledge.   Rooney then took the note to the bank and obtained the money thereon.   The note not being paid at maturity was protested, and plaintiff paid the bank and took the note up, and brought this action against the maker and payee, who was the first endorser.

Rooney made no defense, and Huggett interposed a plea of the general issue.   The circuit judge rendered a judgment for the plaintiff.   The defendant Huggett claims that because Huggett, the payee and first endorser, was an accommo-dation endorser for Rooney, and that because, before the note was negotiated, it was also endorsed by plaintiff for Rooney's accommodation, that he and plaintiff stand in the relation of sureties to each other for Rooney, and that plaintiff ought not to recover but one-half the amount of the note as against him.   This position is untenable.   There is nothing in the facts and circumstances of this case to show that the plaintiff intended to assume any other or different liability than that of a second endorser of commercial paper.   When it was presented to him for his signature he had a right to rely upon the responsibility of both maker and first endorser.   More-over, defendant Huggett's liability was in no manner affected by the second endorsement.   Had the bank discounted the note upon the strength of his endorsement alone, he would have been liable to the bank for the amount of the note.   He is under the same liability to the plaintiff.   Successive en-

dorsers to commercial paper do not, in this State, by virtue of such relation alone, stand in the situation of sureties to each other, and are not liable to contribution. The case of *Stewart v. Goulden*, cited by defendant, is in no way parallel to this case. That was a case of joint payees and joint endorsers, and not of successive endorsers of a note.

The judgment of the circuit court is affirmed.

The other Justices concurred.