### Robert Millikin v. Peter Ferguson.

*Assumpsit—Execution sale in bar—Costs.*

1. Assumpsit on the common counts will lie, as upon an account stated, upon an instrument reciting a settlement between the parties, and an understanding that plaintiff shall receive a stated sum after certain deductions. And a special count as upon an absolute promise to pay such sum is proper also.

2. An action is not barred by the fact that a sale on execution was had under a former judgment that was reversed, where the sale was set aside before it became absolute.

3. Costs on a former trial cannot be set up in reduction of the recovery claimed on a new trial; their payment can be enforced if proper, in the trial court after final judgment.

Error to Lapeer. (Stevens, J.)   Jan. 22.—Jan. 28.

Assumpsit.   Defendant brings error.   Affirmed.

*William B. Jackson* for appellant.

*William T. Mitchell* for appellee.

Campbell, J.   This is the same case which was in this Court before, and is reported in 42 Mich. 441. Plaintiff sued as assignee of the claim there set out in full, and the principal error alleged now is one which, if an error, was involved but not set up in that case.

We have no doubt that it was properly counted on as an absolute promise to pay $300, and that it was equally admissible under the common counts as an account stated. No complaint is made that the consideration and circumstances were not allowed to be shown, and we think there is no question of the right to sue in the form selected.

The fact that an execution sale had once been made on the former judgment, which was reversed, and which sale was set aside before it became absolute on such reversal could not bar this action in whole or in part. Neither was it error to preclude former costs in this cause from being set up on the trial in reduction. The enforcement of costs is got at in another way, and the circuit court can make all proper disposition of them after judgment.

There is no error in the points presented on the argument, and

The judgment must be affirmed.

The other Justices concurred.