### PFLUGER v. WILSHUSEN.

(*Common Pleas of New York City and County, General Term.* February 1, 1892.)

1. NEGOTIABLE INSTRUMENTS—CONTRIBUTION BETWEEN PARTIES—CONSIDERATION.

   An agreement between an accommodation maker and accommodation indorser of a negotiable note that they will share equally their liability on the note, made after judgment recovered thereon by an indorser, is void for want of consideration.

2. SAME—EVIDENCE—INSTRUCTION.

   In an action by an accommodation maker against the accommodation indorser of a note on an alleged agreement for contribution, in which there was evidence that plaintiff was to share in the proceeds of the note with the person accommodated, the court erred in charging the jury that the relations between plaintiff and defendant, whether they were indorsers for a consideration or not, were immaterial, since it did not appear but that plaintiff was principal, and therefore primarily liable on the note, in which case defendant's agreement to discharge him from that liability would be without consideration.

Appeal from city court, general term.

Action by Christopher Pfluger against John Wilshusen on an alleged agreement for contribution in the payment of a note. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Samuel G. Adams,* for appellant. *Eugene H. Pomeroy,* for respondent.

PRYOR, J. The note was made by the plaintiff, indorsed by the defendant for accommodation at the request of the plaintiff, and then indorsed and negotiated by Frederick Pfluger. Plaintiff's contention is that both he and the defendant were parties to the note for the accommodation of Frederick Pfluger. Assuming the fact to be so, then, in the absence of a special agreement, the plaintiff would have no right to contribution from the defendant; for successive accommodation parties are not co-sureties as between themselves. *Kelly* v. *Burroughs,* 102 N. Y. 93, 6 N. E. Rep. 109; *Easterly* v. *Barber,* 66 N. Y. 433; *McDonald* v. *Magruder,* 3 Pet. 470; *Shaw* v. *Knox,* 98 Mass. 214; *Hillegas* v. *Stephenson,* 75 Mo. 118; *McGurk* v. *Huggett,* 56 Mich. 189, 22 N. W. Rep. 308; *Phillips* v. *Plato,* 42 Hun, 189. But by express agreement successive parties on accommodation paper may establish between themselves the relation of co-sureties, and so be reciprocally entitled to contribution. *Easterly* v. *Barber,* 3 Thomp. & C. 421, 66 N. Y. 433; *Seward* v. *Huntington,* 94 N. Y. 104, 113. Plaintiff gave evidence of such an agreement, but the agreement was not made at the time they became parties to the paper, nor until their mutual rights and liabilities had been fixed by a judgment against them at the suit of an indorsee. At that moment the defendant was entitled to complete indemnity from the plaintiff; and, without more, there was manifestly no consideration to uphold defendant's agreement for contribution. Assuming, however, that such an agreement would have been valid, still the learned trial justice put the case to the jury on a theory which ignored the relation of plaintiff and defendant as accommodation parties. He said: "I charge you that it is immaterial what the relations were between the parties, whether they were indorsers for a consideration or not." There was cogent evidence that the defendant indorsed for the accommodation of the plaintiff and his brother, Frederick, partners in the building business, and that plain-

tiff had the benefit of the money realized by the discount of the note. Under the charge, the verdict does not determine but that the plaintiff was, as principal, primarily liable on the note; and, if so, there was no consideration for the discharge of that liability by the defendant. Waiving, however, even this objection, and yet it is impossible to sustain the judgment. The agreement alleged by the plaintiff was that the defendant "should pay over to him one-half of the amount he should receive or collect on the judgment," meaning the judgment obtained by the indorsee against the parties, and which had been assigned to the defendant. The proof was that the defendant had received $888 from the wife of Frederick Pfluger, in pursuance of her promise to idemnify him for any sum he might pay on account of his indorsement. Co-sureties are entitled to the benefit of any security or payment by their principal, but not of any security or payment by a third party. *Seward* v. *Huntington*, 94 N. Y. 104, 114. Recognizing this distinction, the learned trial justice charged that, if the jury believed that the money paid to defendant by Mrs. Pfluger "was so paid as a mere subterfuge, and that it was really money belonging to Frederick Pfluger, and was really paid on account of this judgment, then your verdict must be for the plaintiff." Now, there was not a *scintilla* of evidence in the case tending to show that the money was the money of Frederick Pfluger, (*Kelly* v. *Burroughs*, 102 N. Y. 93, 6 N. E. Rep. 109;) and so, for aught we can know, the verdict went against the defendant upon a supposed fact, utterly without proof authorizing the jury to find it. Judgment reversed, and new trial ordered, costs to abide the event. All concur.