## M. SCHWARTZ & SONS *vs.* EDWIN M. WILMER.

*Bills and Notes—Liability of Accommodation Endorser—Waiver of Notice of Dishonor by one Partner—Material Alteration of Note —Questions for the Jury—Evidence.*

A plaintiff suing on a promissory note cannot be asked what in his opinion is the effect of the words "protest waived" written on the note.

In an action against the endorsers on a note, evidence that the holder, before maturity, had requested the maker to execute a new note in settlement, which was not done, is inadmissable.

An accommodation endorser is liable to the *bona fide* holder for value before maturity of the note, whether such holder knew at the time of taking the note that the endorsement was for accommodation or not.

When the endorser of a note promises after maturity to pay the same, with knowledge that notice of dishonor had not been given, he waives the notice and is liable on the note.

Prior to the Negotiable Instruments Act (Act of 1898, ch. 119), a material alteration of a note, after its execution or endorsement by the defendant, prevented a *bona fide* holder for value from maintaining any action on the note

One of several partners may waive the failure to give notice of dishonor on a promissory note endorsed by the firm.

When the defence in an action on a note is that it was materially altered by the addition of words after the execution or endorsement, the prayers should leave it to the jury to find whether such alteration was in fact made, and whether made by a party to the note, because if made by a stranger it is a spoliation and not an alteration.

A promissory note made by one D. to the order of defendants, a partnership, was endorsed by them for D's. accommodation and sold by him to plaintiff for value before maturity.   In an action on the note plaintiff testified that when he acquired title, the words "protest waived" appeared over the names of the endorsers ; that after nonpayment of the note at maturity by the maker, no protest having been made or notice of dishonor given, plaintiff presented the note to the defendants who admitted the genuineness of the endorsement and promised to pay the same if the maker did not.   Defendants denied that they had so promised to pay the note and testified that the words "protest waived" had been written on the note after their endorsement was made and without their knowledge.   *Held*,

1st. That it should be left to the jury to find as a fact whether the defendants had promised to pay or not with knowledge that notice of dishonor had not been given.

2nd. That if such promise was made it was a waiver of notice of dishonor and no consideration was necessary to support the same.

3rd. That if the words "protest waived" were placed over defendants' endorsement without their knowledge that was a material alteration and there can be no recovery against them on the note even by an innocent holder for value ; the note having been executed prior to Code, Art. 13, sec. 143, providing that such holder may enforce payment according to the original tenor of the note, and consequently a prayer which fails to submit to the jury the question whether the note had been so altered after leaving the hands of the defendants, is erroneous.

Appeal from a judgment of the Court of Common Pleas (HARLAN, C. J.)   At the trial the following prayers were offered by defendants :

1st. That the words " protest waived " on the back of the note, the cause of action in this case, are a material alteration of said note in so far as the defendants in this case are concerned, and that, therefore, the verdict must be for the defendants, unless the jury find from the evidence that said words were on said note at the time that said defendants endorsed the said note, or were subsequently put there by one of the said defendants or by the express authority of the said defendants, or one of them.—(*Refused*).

2nd. That under the evidence in this case, there is no implied authority in anyone not a member of said firm of M. Schwartz & Sons, to make any alteration on said note, for, or on behalf of the said M. Schwartz & Sons, and therefore the verdict must be for the defendants.—(*Refused*).

3rd. That before they can find that there was authority in anyone, not a member of the said firm of M. Schwartz & Sons, to make any alteration on the said note, such authority must be clearly made out by the evidence.—(*Refused*).

4th. That if the jury find that the words " protest waived " on the back of the note, the cause of action in this case were placed there by any party other than one of the defendants, then the said words are a material alteration of said note, in so far as the defendants in this case are concerned, and that, therefore, the verdict must be for the defendants, unless the jury further find that the said words " protest waived " were written by the express authority of these defendants, or one of them.—(*Refused*).

5th. That if the jury find from the evidence in this case that the defendants, or one of them, promised the plaintiff, after the maturity of the note, the cause of action in this case, that said firm of M. Schwartz & Sons would pay the said note if the maker did not ; then such promise is not binding upon the said M. Schwartz & Sons, defendants in this case, unless the jury further find that some consideration passed to the said M. Schwartz & Sons for the said alleged promise.—(*Refused*).

6th. That it is the duty of the buyer of a promissory

note to make inquiries about any matter appearing on the
face or the back of such note that would or might reason-
ably arouse the suspicion of an ordinarily prudent person
as to the validity of the note, or the genuineness of the
matter thereon.—(*Refused*).

The cause was argued before McSherry, C. J., Fowler,
Briscoe, Page, Boyd, Pearce and Schmucker, JJ.

*Hugo Steiner* (with whom was *Lewis Putzel* and *Simon
& Godwin* on the brief), for the appellants.

*D. Eldridge Monroe*, for the appellee.

Page, J., delivered the opinion of the Court.

This suit was brought by the appellee to recover against
the appellants, as endorsers of a note, drawn by one Dorf,
to the appellants.    It was received and endorsed by the ap-
pellants for the accommodation of the maker.    It was then
endorsed by the latter, and sold to the appellee for a val-
uable consideration.    At the time it passed into the hands
of the appellee, the words " protest waived " appeared on
the back, above the names of the several endorsers.    The
appellee testified the words were on the back of the note
when it was first presented to him, but that he did not know
when or how the words got there ; that they did not seem
to be in the handwriting of the appellants, and he then
thought they were in the handwriting of Dorf; that he did
not know it was accommodation paper, and had no knowl-
edge concerning it other than what appeared upon the face
of it and the endorsements thereon ; and that he had relied
upon the effect of the words waiving potest.    He further
testified that about ten days after the maturity of the note
he went to Mendel Schwartz and Jacob Schwartz (two of
the three members of the firm of M. Schwartz & Sons), and
asked them whether or not the signature of M. Schwartz &
Sons on the back of the note was genuine, and told them the
amount due upon it was unpaid, and that " he had ex-

hausted every effort to get Mr. Dorf to pay it, and that unless it was paid he would reduce it to judgment," to which they replied that the signature was genuine and that "if Mr. Dorf did not pay it they were able and would pay it for him," and that the witness must " go ahead and sue" on it.   This conversation was denied however by the two Schwartzs referred to, who testified substantially that they did tell him that the signature was genuine and made with the authority of the firm, but that neither of them said that the firm would pay the note if Dorf did not ; that the firm nor any member thereof had not received notice before that time that the note had not been paid ; that the firm had passed and endorsed notes for Dorf frequently ; that the words "protest waived" were not on the back of the note when it left their hands, and had been put there without the knowledge or authority of the firm or of any member of it.

During the cross-examination of the appellee he was asked " what in his opinion was the effect of the words ' protest waived.' " On objection, the Court refused to allow the question.   This ruling was clearly without error.   The effect of the words was matter of law to be determined by the Court, and the opinion of the witness was not admissible as an expert to vary the terms of a written instrument. *Arts v. Grove*, 21 Md. 474.

While the cross-examination of the appellee was being further continued, the appellants offered to read in evidence a letter written by the appellee to the maker of the note, bearing date two days before the time of the maturity of the note.   It contained a statement of the time when the note would mature, a statement of the amount, and requested payment by the substitution of a new note.   Appended thereto was a blank note, endorsed with the form in blank, of a waiver of protest.   This note was never executed, and there was no offer to show any connection with the transaction forming the subject of the present controversy.   The Court refused to allow it to go to the jury, and this action constitutes the appellant's second exception.   The proposed

evidence was irrevelant to any of the issues in the case and was properly rejected.

The third exception was to the refusal of the Court to allow the counsel for the appellant to ask the appellee on cross-examination, " whether Dorf told him it was accommodation paper." The appellee was a purchaser of the note in due course and a holder for value, and in 'such case the accommodation party is liable, whether such holder at the time of taking the instrument knew him to be only an accommodation party or not. *Rhinehart* v. *Schall,* 69 Md. 356.

The fourth exception was to the overruling of a motion of the defendants to exclude from the evidence the cause of action because of a material alteration therein, and the fifth was to the rejection of the six prayers of the defendant and the granting of the plaintiff's prayer.

The prayer granted was to the effect that if the jury find that at the time the note was endorsed to the appellee the words " protest waived " were written above the name of M. Schwartz & Sons, and that after the maturity of the note and the failure of Dorf to pay the same, the appellee presented it to the appellants and that " two members of the firm acknowledged the genuineness of the firm name thereon, and promised and declared to the plaintiff that if the maker, Dorf, did not pay the said note, the endorsers, M. Schwartz & Sons, would pay the same, then their verdict must be for the plaintiff."

It has been well settled for a long time that failure to give the notice of dishonor of a bill may be waived either before the time of giving notice has arrived, or after the omission to give the notice, and the waiver may be express or implied. This general principle, since the maturity of the note in question has been formally incorporated in our statutes (Negotiable Ins. Act, ch. 8, sec. 128), but it was long established before the passage of that Act. It also seems to be well settled that a promise by the endorser to pay the note, after there has been a failure to give due notice

of its dishonor, will bind the endorser, provided he had full knowledge of the *laches* when the promise was made. The authorities to sustain this statement are set out in the *4th Am. & Eng. Ency. of Law* (second ed.), title Bills and Notes, page 463, but we deem it unnecessary to refer to them more particularly from the fact that our own Court has clearly announced the same principle. In *Turnbull* v. *Maddox*, 68 Md. 587, the note was not protested at maturity, but the "plaintiff based his right of recovery upon the fact that the defendant promised to pay the note after its maturity and with full knowledge of the fact that the note had not been presented for payment at maturity and that no notice had been given him of its non-payment." "Notice," the Court proceeds to say, " of the non-payment of a note at its maturity is the privilege of the endorser, but it is a right which he may waive, and he is considered to have waived his privilege, if with the knowledge of that fact he promises to pay the note." This prayer is, however, defective, in that it fails to require the jury to find as a fact, that at the time of the alleged promise Schwartz & Sons had knowledge of the *laches* of the holder of the note. Without such knowledge, their promise would not bind them. *Lewis Brothers & Co.* v. *Brehme*, 33 Md. 433.

It is further objected by the appellee, that the prayer ignores all the evidence with respect to its alteration. There was proof that when Schwartz & Sons endorsed the note the words " protest waived" were not on the paper. It then passed into the hands of. Dorf, who retained the possession of it until the appellee became the holder of it. The maker, Dorf, therefore being chargeable with the condition of the instrument when it came to his hands, after Schwartz & Sons' endorsement, and also when it passed out of his hands into the possession of the holder, is responsible for the alteration. If the words were placed over the endorsement of Schwartz & Sons without their knowledge and consent, there was a material alteration. Their effect was to change the nature of the contract into which they had

entered, in that it converted " the contingent liability of the endorser into an absolute liability." *Davis* v. *Eppler,* 38 Kan. 629 ; *Farmer* v. *Rand,* 14 Me. 225 ; *2nd Am. & Eng. Ency.* (2nd ed.) 226.

The authorities also are clearly to the effect that where a material alteration has been made without the consent of the party sought to be charged, there can be no recovery even by an innocent holder for value. This has been changed by the Negotiable Instrument Act, sec. 143, which provides that " when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof, according to its original tenor." But as we have already said, this Act was not in force at the time when the parties' rights became fixed, and therefore the law as it stood before the passage of the Act must prevail. In the cases of *The Gettysburg Nat. Bank* v. *Chisholm,* 169 Pa. St. 564, and of *Hartley* v. *Nat. Bk.,* 23 Pa. St. 23, after an examination of the Pennsylvania cases, the Court held in the former case where the alteration was, "with interest at six per cent," that there could be no recovery either for interest or for principal, and in the latter, said there " could be no recovery of anything." The same doctrine is held in Maryland. *Burrows* v. *Klunk,* 70 Md. 450 ; *Avirett* v. *Barnhart,* 86 Md. 545 ; *Wood* v. *Steele,* 6 Wall. 80 (Ed. L. Co-op. Pub. Co., where a large number of cases are cited in the note). We are, therefore, of the opinion that if the jury found there had been such an alteration without the consent or knowledge of the Schwartz & Sons, the appellee would not be entitled to recover. The prayer should, therefore, have submitted the testimony relating to the alleged alteration to the jury for their consideration.

Another objection to this prayer at the argument was that if the note was an accommodation note on the part of Schwartz & Sons, two members of the firm would have no power to bind it by a promise to pay if Dorf did not. But we think this position is not tenable. The right of an en-

dorser to receive due notice of the dishonor of the note is implied from the contract of endorsement for his benefit and protection, in order that he may take necessary measures to obtain payment from the party liable. It being thus, for his own advantage alone, he may decline to avail himself of it ; or, in other words, he may submit to be held to his liability, notwithstanding the *laches* of the holder. A waiver therefore being merely a voluntary relinquishment of a right, cannot be regarded as a contract and does not require a new consideration to support it. These principles are amply sustained by both the English and American cases. *Byles on Bills*, 500 (marg.) *et seq.* ; 4 *Am. & Eng. Ency.*, 457 ; *Turnbull* v. *Maddox*, 68 Md. 587.

An act of this kind which imposes no new obligation on the firm, but merely amounts to a forbearance to exercise or demand a right with respect to an existing partnership liability is within the power of one partner to effectually do, so as to bind his firm. This seems to have been decisively determined by this Court in the case of *Seldner* v. *Mount Jackson Natl. Bk.*, 66 Md. 493. In that case a note was drawn to the order of Seldner & Son and discounted for them by the bank. A few days before it matured, and after the dissolution of the partnership of Seldner & Son, a member of that firm wrote to the bank directing that if the maker of the note did not meet it, to pay it and draw on him. The bank paid it for and on account of the firm and on the same day drew on them. In the suit against the firm, the objection was made that the action of the single partner, did not bind the firm, upon the theory that the direction contained in the letter amounted to a new contract made after dissolution and was not within the power of one partner to make so as to bind the partnership. The Court held that one partner " had the right to waive demand and notice, so long as the partnership continued, and that there was no good reason why the mere dissolution should operate as a revocation of his authority," because by such a waiver, " he does not make a new contract nor does he incur a new liability, but

merely dispenses with a requirement of the law intended solely for the benefit and protection of the endorser." The Court proceeds citing from the opinion in *Darling* v. *March*, 22 Maine, 184, " the waiver of demand and notice is but the modification of an existing liability by dispensing with certain testimony which would otherwise be required. If one of the partners could not dispense with proofs which might be required at the time of the dissolution, he could not liquidate accounts and agree upon balances. To waive demand and notice and to settle accounts, is but to arrange the terms upon which an existing liability shall become perfect, without further proof. In doing this, he does not make a new contract, but acts within the scope of a continuing authority."

It follows from what we have said that the plaintiff's prayers should not have been granted, because of the omissions therefrom that we have pointed out.

The defendant's first and fourth prayers direct the jury to find for the defendants if the words " protest waived " were on the back of the note without the authority of the defendants. There was no evidence as to the person who so altered it, nor do the prayers submit to the jury the question as to whether it was so altered, but assume the fact. Moreover, if placed there by a stranger, without the connivance of any of the parties in interest, the words could be taken as a mere spoliation. 2 *Eng. & Am. Ency.*, 2nd ed., page 214. They are both defective in these respects and should have been refused.

The defendant's second, fifth and sixth prayers were properly rejected. The third was likely to mislead the jury. All that was necessary was to prove the facts set out by a preponderance of evidence.

For the reasons given the judgment must be reversed.

*Judgment reversed and new trial awarded.*

(Decided November 24th, 1899).