(34 Misc. Rep. 596.)

### EGBERT et al. v. HANSON et al.

(Supreme Court, Trial Term, New York County. April, 1901.)

1. SURETIES—CONTRIBUTION—REPRESENTATIVE OF DECEASED SURETY.
   Where sureties have paid the debt of their principal, they can maintain an action for contribution against the representative of a deceased co-surety.

2. NOTE—ACCOMMODATION INDORSERS.
   Successive accommodation indorsers of a note are not co-sureties, so as to be entitled to contribution, where there is no special agreement to be bound jointly, but their liabilities are to be determined under the law merchant.

3. SAME—PAROL EVIDENCE.
   Agreement of successive accommodation indorsers to be jointly bound may be proved by parol.

Action by Thomas K. Egbert and others against Minnie A. Hanson and others. Judgment for defendants.

Charles H. Brush, for plaintiffs.
Isaac N. Miller, for defendant Hanson.

McADAM, J. The plaintiffs, the defendant Hanson's testator, and the remaining defendant, Smith, together with one Cameron, for the purpose of loaning their credit to the White Cloud Copper-Mining Company, of which each of the persons referred to was a director, indorsed each of three notes, amounting in the aggregate to $10,000, for the accommodation of said company, which thereafter negotiated the notes for value. The corporation and the defendant Smith were insolvent when the obligations matured, and are now insolvent, and the indebtedness was paid by the plaintiffs, who seek contribution in this action from the executrix of the deceased co-indorser under an alleged agreement among all the indorsers that they were to be co-sureties of the accommodated party. It is well settled that an action at law may be maintained by a surety against the representatives of a deceased co-surety for contribution. Bradley v. Burwell, 3 Denio, 61; Cornes v. Wilkin, 14 Hun, 428; Barry v. Ransom, 12 N. Y. 466; Johnson v. Harvey, 84 N. Y. 363, 38 Am.

Rep. 515. But it is also undoubted that successive accommodation indorsers are not to be considered as co-sureties, and are not entitled to contribution among themselves unless they specially agree that they are to be bound jointly and not severally. Easterly v. Barber, 66 N. Y. 433; Kelly v. Burroughs, 102 N. Y. 93, 6 N. E. 109; Pfluger v. Wilshusen (Com. Pl.) 17 N. Y. Supp. 516; McCarty v. Roots, 21 How. 432, 16 L. Ed. 162. Such agreement, however, may be proved by parol, or be evidenced by the circumstances of the case. Easterly v. Barber, supra; Macdonald v. Whitfield, 8 App. Cas. 733; Hagerthy v. Phillips, 83 Me. 336, 22 Atl. 223; Currier v. Fellows, 27 N. H. 366; Clapp v. Rice, 13 Gray, 403. Does the evidence show an agreement by the defendant Hanson's testator to be a co-surety with the other indorsers? The plaintiffs endeavored to prove an oral agreement made between the parties at the times they indorsed the notes, but under section 829 of the Code the counsel for the executrix objected to such proof, and the objection was, of course, sustained. It follows, therefore, that, unless the relation of co-surety between the decedent and the other indorsers may be implied from the circumstances of the case, the action must fail. The facts that the indorsers were directors of the accommodated party, that each note was indorsed at the same time, and before the note was discounted, and the proceeds turned over to the corporation, are scarcely sufficient to constitute the indorsers co-sureties. Directors are not liable for the debts of their corporation unless where they violate statutes or make themselves amenable on common-law principles. The plaintiffs having failed to prove an agreement or a condition of facts which obligated the testator to make contribution, the liabilities inter se of the indorsers must be determined according to the ordinary principles of the law merchant, whereby a prior indorser must indemnify a subsequent one. Macdonald v. Whitfield, supra; Rand. Com. Paper (2d Ed.) §§ 473, 740; Daniel, Neg. Inst. (4th Ed.) § 1340; 4 Lawson, Rights, Rem. & Prac. § 1562. As there is no direct proof or legitimate inference that the testator was a co-surety with the other indorsers, there must be judgment for defendants, with costs.

Judgment for defendants, with costs.