MUNICIPAL BANK, Plaintiff, *v.* BEN COHEN and Others, Defendants.

Supreme Court, Kings Special Term, December, 1922.

**Bills and notes — successive accommodation indorsers — when not cosureties — insufficiency of defense.**

Unless successive accommodation indorsers of commercial paper specially agree that they are to be bound jointly and severally, they are not to be deemed cosureties and are not entitled to contribution among themselves.

In an action to recover on three promissory notes which did not have the name of C. thereon, the defense urged was that they were renewals of other notes and that at the time the original notes were made and delivered, the plaintiff warranted and represented that said C. would always remain as an accommodation indorser thereon and upon any extension or renewals, but the answer did not show the order in which the accommodation indorsers signed their names. *Held,* that the defense pleaded was insufficient; even if it were held that C. was a cosurety the defense would be but a partial defense.

Plaintiff's motion for judgment on the pleadings granted.

MOTION for judgment on the pleadings.

*Kugel & Saxe,* for plaintiff.

*Harold H. Feigin,* for defendant George W. Cohen.

LEWIS, J. This is an application for judgment on the pleadings against George W. Cohen on three causes of action on three promissory notes.

The defense urged is that the notes were renewals of other notes and at the time the original notes were executed and delivered the plaintiff warranted and represented that one Louis Cohen would always remain as an accommodation indorser on such original notes or upon any extension or renewals thereof; that the notes now sued upon did not have the name of the said Louis Cohen, and that thereby the said Louis Cohen was released and discharged from liability and this defendant was prejudiced.

**650**  First Nat. Bank *v*. Am. Near East & Black Sea Line, Inc.

Supreme Court, December, 1922.                    [Vol. 119

The answer fails to show the order in which the accommodation indorsers signed their names. It is assumed that all the accommodation indorsers were between themselves cosureties. It has been held that successive accommodation indorsers are not to be considered as cosureties and not entitled to contribution among themselves unless they specially agree that they are to be bound jointly and not severally. *Egbert* v. *Hanson*, 34 Misc. Rep. 596.

The defense pleaded, therefore, is insufficient. Even if it be held that the defendant George W. Cohen was a cosurety, the defense would be but a partial defense. *Morgan* v. *Smith*, 70 N. Y. 537.

Motion for judgment on the pleadings granted.

Ordered accordingly.