Samuel H. Hoestadter, J.
This is a motion and cross motion for summary judgment. The action is for contribution on notes on which plaintiff and defendant were indorsers. They were both principals of a corporation, the maker of such notes. Plaintiff was sued on said notes by the payee thereof, which he settled and has paid $2,550 on account thereof. Plaintiff seeks summary judgment against defendant in the sum of $1,275, which is one half of the payment. He claims, and it is not denied, that defendant and then plaintiff each indorsed the notes.
It appears that the corporation, of which the parties were principals, purchased a restaurant business on or about October 1, 1954, and, as part of the purchase price, delivered to the seller a chattel mortgage in the sum of $42,500. Thereafter, about October 20, 1954, the corporation made and executed promissory notes in the sum of $4,675 to one Pessin, indorsed by plaintiff and defendant, secured by a chattel mortgage and subordinate to the first mortgage lien afore-mentioned. In July, 1957, the first mortgage lien was foreclosed, which wiped out the second mortgage lien held by Pessin, who, on October 21, 1957, instituted an action against plaintiff as indorser on the notes, which was settled.
Defendant contends that Pessin, the payee of the notes, should have advised him of the foreclosure of the first mortgage lien, to protect his obligation to Pessin whereby defendant would have bid in at the foreclosure sale or repossessed the restaurant and thus be in a better position to pay Pessin his obligation on the notes. There is no merit to this contention in this action for contribution. Plaintiff and defendant were sureties on the note. Defendant became obligated to plaintiff, for his share, on the payment on the notes (Negotiable Instruments Law, § 118; George v. Bacon, 138 App. Div. 208; Egbert v. Hanson, 34 Misc. 596). Nor is the Statute of Limitations available as a defense.
The cause of action for contribution does not accrue at the time of execution of the notes but only from the time plaintiff made payments thereon, and the Statute of Limitations ran only from that time (Frank v. Brewer, 7 N. Y. S. 182; Brill v. Brandt, 176 Misc. 580, 584; Barker v. Cassidy, 16 Barb. 177).
*623 Accordingly, plaintiff’s motion is granted and defendant’s cross motion is denied. The Clerk is directed to enter judgment in favor of plaintiff against defendant in the sum of $1,275, with interest.